## Rumberger *versus* Golden.

The payee of a note payable at a time certain with interest agreed with the maker prior to maturity that the time of payment should be extended, the note to continue to bear interest at the same rate originally fixed. *Held,* that the agreement being without consideration was nudum pactum and could not be set up by the maker as a defence to an action on the note.

October 27th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Armstrong county :* Of October and November Term 1881. No. 215.

Assumpsit, brought June 29th 1880, by William F. Rumberger and Mary, his wife, in her right, against Edward S. Golden, upon the following due-bill :—

"Borrowed of Mrs. Mary Ann Rumberger thirty-five hundred dollars, payable in one year, with interest from date, June 1st 1877.

$3500.                                    E. S. GOLDEN."

The plaintiff's affidavit of claim, filed with the copy, claimed the amount of the due-bill, with interest, less the sums of $1,000 and $1,200 "paid on order to E. F. Rumberger," and two payments of interest of $75 each, which were admitted as credits, leaving the balance claimed, $1,787.50.

The defendant filed an affidavit and supplemental affidavit of defence, averring (1.) That he borrowed the money, and gave the note at the express request of Mrs. Mary A. Rumberger, in her husband's presence, she stating that her husband would thereafter act as her agent. (2.) That soon after the note became due defendant saw Wm. F. Rumberger, the husband, and asked him to bring the note to him that he might pay it ; he replied he would see his wife and let defendant know if she wanted the money. A short time afterwards he met defendant

[Rumberger v. Golden.]

and told him that " Mrs. Rumberger did not want the money ; that the bank and the commissioners would not pay six per cent. interest ; that he and his wife wanted defendant to keep the money, and that if he (defendant) would pay six per cent. interest he should have the money for ten years from the date of the original loan, and upon those terms alone defendant agreed to retain the money, and it is not, therefore, due and payable." The defendant denied that he had paid, or allowed any application of payments, on account of the said note, and averred that the payments of $1,600 and $1,200 credited by the plaintiff were not paid on the note in suit, but upon another account.

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court discharged, whereupon the plaintiffs took this writ of error, assigning for error the order of the court discharging the said rule.

*Barton & Son* and *J. M. Hunter*, for the plaintiffs in error.—There was no consideration for the alleged agreement of extension ; it was, therefore, nudum pactum :   Partridge *v.* Partridge, 2 Wright 78 ; Campbell *v.* Daly, 25 Leg. Int. 124 ; Blackburn *v.* Ormsby, 5 Wright 97 ; Hartman *v.* Danner, 24 P. F. Smith 36 ; Shaffer *v.* Clark, 9 Norris, 94.

*W. D. Patton* and *J. P. Colter*, for the defendant in error.—The advantage to Mrs. Rumberger that the defendant would pay the full legal rate of interest, which was above the market rate, and more than she could get from any one else, was a sufficient consideration to support the new contract to extend the time of payment.   A very slight advantage to one party, or a trifling inconvenience to the other, is sufficient consideration to support a contract.   The case is not ruled by Partridge *v.* Partridge, as contended.   There the rate of interest was fixed by the mortgage, and it was not shown that the market rate was less, nor that the debtor had offered to pay the debt.   In Hartman *v.* Danner, cited on the other side, SHARSWOOD, J., says : " It may be, that when there is a contract to pay interest for a specified period on a debt already due, so that the debtor, without the consent of the creditor, is thereby precluded from paying the debt and interest until the term expires, there is an appreciable benefit to the creditor as well as an injury to the debtor."   Such agreement enabled each party to accomplish what each may be assumed to have desired, viz. : a further investment for a definite period at an advantageous rate of interest for the creditor, and an extension of credit for the same time for the debtor.   The consideration was mutual and sufficient, and the legal effect of the agreement was to dis-

able the creditor from enforcing collection, and the debtor from making payment, until the expiration of the period stipulated : Chute *v.* Pattee, 37 Maine 102 ; Smith *v.* House, 22 Pittsburgh Leg. Jour. 65 ; Manufacturers & Mechanics Bank *v.* Bank of Penna., 7 W. & S. 335 ; Harlan *v.* Harlan, 8 Harris 303 ; Carrier and Baum *v.* Dilworth, 9 P. F. Smith 406 ; Wilgus *v.* Whitehead, 8 Norris 133 ; McNish *v.* Reynolds, 10 W. N. C. 26.

Mr. Justice TRUNKEY delivered the opinion of the court, November 14th 1881.

Shortly after the note became due the parties agreed that the maker should have the money for ten years from the date of the original loan, June 1st, 1877, at six per centum interest. The note had been and was bearing the same rate. The maker wanted to pay it; the holder wanted him to keep the money, because she could not loan it to the bank or commissioners at that rate, and their negotiations resulted in the agreement for extension of time for payment. What was the consideration in this arrangement? It has been decided, none at all. Partridge *v.* Partridge, 2 Wr. 78. In that case, before the debt became due, the parties agreed that the time of payment should be extended to certain dates, the money to bear interest at the rate of six per centum per annum, and when due the debtor was to deposit it in specie, in a bank in Pittsburgh, and send the certificate to the creditor, who resided in Ohio. This was held to be nudum pactum, for it was already the contract relation of the parties. Having been made before the debt was due, it was deemed of like effect as if made after, though in many cases a contract made before, would be binding, which would not, if made after; as where a creditor, in consideration of the payment of interest in advance, agrees, before the debt has become due, to extend the time for payment.

Payment of usury, after the maturity of a note, is a payment which may be applied on the debt, which payment the debtor was under obligation to make, and therefore is not a consideration for a contract; but payment of part of a debt, before due, is a consideration sufficient to support a contract to give time: Hartman *v.* Danner, 24 P. F. S. 36. Where lawful interest, together with usurious, was paid on a debt past due, it was not a consideration for a new contract as to time of payment of the debt: Shaffer *v.* Clark, 9 Nor. 94. These cases rest on a similar principle as Partridge *v.* Partridge, *supra,* namely, that a promise to pay the legal rate of interest made before a debt becomes due, or after, or a part payment of an overdue debt, is not a good consideration for a contract to forbear to sue.

The cases relied on by the defendant do not apply to a loan

[Williams v. Irwin.]

or obligation for the payment of money. When the time in a contract for the delivery and purchase of goods, before breach, is extended, the mutual promises to deliver and accept and pay, are sufficient consideration for a new contract; Carrier v. Dilworth, 9 P. F. S. 406; McNish v. Reynolds, 10 W. N. C. 26. So, when there is a lease by the year, and before the end of the year the lessor and lessee agree to change the time of payment of the rent from the beginning to the end of the month for the next year, the new agreement is valid: Wilgus v. Whitehead, 8 Nor. 131. In these and similar cases the change involves some advantage to one party or disadvantage to the other; and often, if such new agreement were void, one party could mislead the other into a breach of his contract, greatly to his injury.

We are of opinion that the defendant's affidavits set out no legal defence and are insufficient.

> The record is remitted with directions to the court below to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court why such judgment should not be entered.