## Hess's Estate.  Frey's Exrs.' Appeal.

[Marked to be reported.]

*Adoption of seal—Finding of auditor.*

Whether an obligor on a bond, against whose name there was no seal, adopted a seal opposite the name of another obligor as his own, is a question of fact, and the finding of an auditor upon such fact, approved by the court below, will not be disturbed on appeal, except for plain error.

It seems that the mere fact of signing the bond is not evidence of the adoption of a seal, in the absence of intrinsic evidence on the face of the bond, as by a reference to the seals. In this case there were two signatures, one seal, and a reference in the body of the bond to one seal : Bowman v. Robb, 6 Pa. 302, distinguished.

*Suretyship—Antecedent debt—Forbearance—Consideration.*

The promise to pay the debt of another, although in writing, is of no force unless founded upon a consideration, either actual or by the existence of a seal. Where the promise is to pay an overdue debt, mere forbearance, without an agreement to that effect, is no consideration.

Argued May 16, 1892.    Appeal, No. 69, July T., 1891, by Frey's Exrs., claimants, from decree of O. C. Lancaster Co., dismissing exceptions to report of auditor distributing balance in executor's account, in Hess's estate. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Frey's executors presented to the auditor, L. Ellmaker, a claim on a bond signed by Hess as surety, in 1876 or 1877, without any seal opposite his name. The bond was signed by the principal with a seal after his name in 1874 and recited that it was "sealed with my seal." In 1879 suit was brought on the bond. The auditor held, *inter alia*, (1) that decedent did not adopt the seal when he signed the bond, and (2) that there was no consideration. Exceptions to these findings were dismissed by the court, PATTERSON, J, whereupon this appeal was taken.

*Errors assigned, inter alia*, were (8, 11) overruling above exceptions, quoting them.

*George Nauman* and *H. M. North*, for appellants.—There was a seal; decedent signed the bond while it was in the possession of the obligor, with the design of becoming additional security, and the bond so signed, and with the seal, was re-delivered to the obligee. By signing under the circumstances, he adopted the seal then on the obligation even if he did not place it opposite his name: Bowman v. Robb, 6 Pa. 302; Templeton v. Com., 5 Cent. R. 451.

As to consideration, the precise point has not been decided in this state, but there are analogous cases. Carroll v. Nixon, 4 W. & S. 517, was an agreement by letter to indemnify a surety. Carman v. Noble, 9 Pa. 366, was a similar agreement not under seal, and the delay or future liability was held a consideration. Building Assn. v. Hull, 135 Pa. 565, was a bond to indemnify against mechanics' liens. McNaught v. McClaughry, 42 N. Y. 22, was a past due note and there was no agreement to give an extension of time; but the court held that when the holder gave notice that he was dissatisfied, the note had to be paid or a surety given, and the re-delivery of the note with a surety was a new contract on a valid consideration. That the maker of the note in that case had agreed to furnish the surety if demanded is not material, as the surety was no party to this arrangement. And such surety will be held even against his declaration at the time of signing: Moies v. Bird, 11 Mass. 436.

While we do not question that a contract requires a consideration, Cobb v. Page, 17 Pa. 471, and Chambers v. Davis,

3 Wh. 47, involved the validity of verbal promises to pay the debt of another.

*Chas. I. Landis* and *William Lehman,* for appellee.—Whether decedent adopted the seal was a question of fact for the auditor: Bowman v. Robb, 6 Pa. 302; Templeton v. Com., 5 Cent. R. 451. Findings of fact by an auditor will not be disturbed except for flagrant error: Burroughs's Ap., 26 Pa. 264; Lewis's Ap., 127 Pa. 127.

A guaranty for a debt already contracted, without a new consideration, is void: Conmey v. Macfarlane, 97 Pa. 363-4; Paxson v. Nields, 137 Pa. 385; Smith v. Carroll, 112 Pa. 390; Chambers v. Davis, 3 Wh. 47; Cobb v. Page, 17 Pa. 471; U. S. v. Linn, 15 Peters, 290-314; Theobald, Pr. & Surety, pp. 5-8. Mere forbearance, without an agreement to that effect, is not sufficient: Mecorney v. Stanley, 8 Cush. 85.

A parol contract, which includes an unsealed writing, needs a consideration to support it: Kennedy's Exrs. v. Ware, 1 Pa. 450; Crawford's Ap., 61 Pa. 54; Whitehill v. Wilson, 3 P. & W. 405. Also, an executory contract: Carhart's Ap., 78 Pa. 119.

Appellants could in no case recover against Hess as surety without showing Kendig's insolvency; and his solvency is presumed until the contrary appears: Hoffman v. Bechtel, 52 Pa. 190; Reigart v. White, 52 Pa. 438; Kramph's Exrs. v. Hatz's Exrs., 52 Pa. 525; Zahm v. Bank, 103 Pa. 576.

The cases cited by appellants do not sustain their position. In Carroll v. Nixon, 4 W. & S. 517, the court held the agreement to indemnify, made eight days after the execution of the bond, was a continuing consideration, and, in addition, that under the facts of the case it ought to be submitted to the jury whether the promise was not made in consequence of a precedent request. In Carman v. Noble, 9 Pa. 366, it was held that "where a promise is made to indemnify a surety of an assignee for the benefit of creditors, after the execution of the bond, there is a sufficient consideration arising from the power such surety possesses under the Act of Assembly, to compel the assignee to give additional security or be removed." The consideration here was also a continuing one. In Union Building Association v. Hull, 135 Pa. 565, the bond was under

seal, and was one and the same transaction with the loaning of the money by the association.  In McNaught v. McClaughry, 42 N. Y. 22, the court held the signing by the surety to be a part of the original contract.  In Moies v. Bird, 11 Mass. 436, it was part of the contract between the parties that security was to be given, and the court held that there was a concurrent promise for which the lending of the money was the consideration.

OPINION BY MR. CHIEF JUSTICE PAXSON, July 13, 1892.

The auditor rejected the claim of Frey's executors on the ground that the bond in question was not sealed by John Hess; and upon the further ground that there was no consideration for his assumption of any liability for John Kendig.  This ruling was sustained by the orphans' court, and forms the subject of the principal assignment of error.

It appears that, on April 1, 1874, John Kendig borrowed from Frederick Frey $2,000, and gave his common bond, payable one year after the date thereof.  It was alleged that several years thereafter Frey became dissatisfied, and returned the obligation to Kendig with the request that he be furnished with an additional security.  The latter procured the names of John Hess and Maris H. Kendig, who added their names to the bond, signing below the name of John Kendig.  The bond with these additional names was then returned to John Kendig.  John Hess died in March, 1888.  The executors of Frederick Frey appeared before the auditor appointed to make distribution of the estate of John Hess, deceased, and made claim against the same for the sum of $2,000 as represented by the obligation above referred to.

The bond in question was the individual bond of John Kendig, with his individual signature and seal attached.  There is no mention of the names of Maris H. Kendig and John Hess, the alleged sureties, in the body of the bond.  Their names appear only at the bottom, and without seals.

It would be straining a point to hold that the seal attached to the name of John Kendig was the seal of the alleged sureties, or that it had been adopted by them.  Bowman v. Robb, 6 Pa. 302, is not in point.  In that case there was the written obligation of two parties which concluded with the words,

" witness our hands and seals." There was but one seal, which was affixed to his name by the party who drew and first executed the same; and nearly opposite to this seal the other party signed his name; it was held that the obligation on its face furnished intrinsic evidence for the jury that the party last signing it had adopted the seal as it stood upon the paper. The distinction between that case and the one in hand is palpable. The instrument upon its face, with the words " witness our hands and seals " was certainly some evidence, and sufficient to go to the jury, of a sealing by both parties. Whereas, in the case in hand, there was nothing upon the face of the bond from which a jury would have the right to infer that John Hess had adopted the seal of John Kendig. Aside from this, the most that can be urged is, that the adoption of the seal was a question of fact to be submitted to a jury, or, in this case, to the auditor. It was so submitted, and it was found against the appellants. This finding was sustained by the court below. It is an established rule that the finding of an auditor upon the facts, which has been approved by the court below, will not be disturbed on appeal, except for flagrant error. Burroughs's Appeal, 26 Pa. 264; Lewis's Appeal, 127 Pa. 127. There was no such error in the present instance. On the contrary, we think the finding of the auditor fully justified by the evidence.

The only remaining question is whether there was any consideration moving from John Hess to Frederick Frey, the obligee of the bond. Upon this point we have no difficulty. The authorities are uniform that the promise to pay the debt of another, although it be in writing, is nevertheless of no force unless founded upon a consideration. It is of itself a distinct contract, and must rest upon its own consideration: 2nd Parsons on Contracts, pages 6 and 7; Cobb v. Page, 17 Pa. 469; United States v. Linn, 15 Peters, 290; Rumburger v. Golden, 99 Pa. 34. It is useless to multiply authorities upon so plain a proposition. There was no consideration of any kind for Mr. Hess's signature. The bond was overdue, and there was no agreement to extend the time of payment. Suit could have been brought upon the bond the day after Mr. Hess signed it.

The decree is affirmed and the appeal dismissed at the costs of the appellants.