## Chas. Becker to use of D. Stull *v.* Joseph Yeager.

*Auditor's findings—Confirmed by the court below not lightly disturbed.*

An appellate court will not disturb the findings of fact, made by an auditor and confirmed by the court below, except in case of fraud, of clear mistake or of manifest lack of due consideration.

*Preference to wife—Not prima facie fraudulent.*

Preference given by husband to a wife in case of bona fide indebtedness to the wife is not a fraud against other creditors nor evidence of fraud.

A wife's judgment against an insolvent husband having been found by a auditor to have 'been based on a bona fide indebtedness, and this finding having been confirmed by the court below, the ruling will not be disturbed, it being manifest that the auditor had carefully considered the question and that his findings could be justified by the evidence.

*Cost of auditor's distribution.*

The award of costs before distribution of the fund raised by sheriff's sale of real estate will not be disturbed at the instance of a creditor whose claim was shown to be a junior lien from the first.

108          NUDING BREWING CO.'S APPEAL.

Statement of Facts—Auditor's Report.     [1 Super. Ct.

Argued Dec. 11, 1895.   Appeal No. 26, Nov. T., 1895, by the Nuding Brewing Co., from order of C. P. Schuylkill Co., confirming the report of John F. Dolphin, auditor to distribute the fund arising from the sheriff's sale of the real estate of Joseph Yeager.   Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ.   Affirmed.

Exceptions to auditor's report.

A fund of $1,204.83 being realized by sheriff's sale of defendant's property and there being a number of lien creditors, who failed to agree on a scheme of distribution, the fund was paid into court and referred to an auditor for distribution.   The fund being insufficient to pay all creditors, the auditor awarded payment down to and including the claim of Emma Yeager, wife of defendant, who claimed on a judgment note for $235.12.

The fund was exhausted before paying in full the claim of appellant.   The auditor further directed that the cost of the audit be deducted before the distribution be struck.   His report so far as the questions raised by this appeal are concerned was confirmed by the court.

The findings of the auditor as to the claim of Emma Yeager and the expenses are as follows:

In the case of Emma Yeager v. Joseph Yeager entered to No. 110, Jan. T., 1894, your auditor finds as a matter of fact from the evidence presented and taken before him, that the plaintiff is the wife of Joseph Yeager, the defendant, having been married to him in 1880.   Joseph Yeager was her second husband, she having been married previously to a man by the name of Henry Wertz.   At the time of her marriage with Yeager, she was possessed of some small means of her own, between $300 and $400, part of which was received by her as widow of her first husband from the pension department at Washington.

Four or five years subsequent to her marriage to Yeager, he obtained from her $229.16 as a loan, for which he gave to her a judgment note, which was not entered up against Yeager. The plaintiff, Emma Yeager, kept this note in her home for some time.   It was finally lost or mislaid.   The note was drawn up by a justice of the peace, who has since died.   The money Yeager obtained from the plaintiff, he applied to the payment

of his own debts which he had incurred for work done or lumber furnished for the building, from the sale of which, together with the lot on which it stands arises the present money for distribution. In 1893, the defendant went into the beer business as agent of the Nuding Brewing Company. The business was not a success. Yeager became unable to pay all his debts, and anticipating trouble with his creditors, in May, 1893, he had a new note, judgment note, prepared, in favor of his wife, the plaintiff, to secure her, in case the worst came to the worst. At the time of the confession of this judgment, he was already summoned to answer the Nuding Brewing Company in a claim of over $1,000, which, to one in Yeager's circumstances appeared to be a large sum of money.

This last note was filed in the prothonotary's office, at Pottsville, on the 28th day of November, 1893, to No. 110, Jan. T., 1894.

The only witnesses examined before your auditor in this case were the defendant, Joseph Yeager, and the plaintiff, Emma Yeager, his wife. It is true that in some details these witnesses contradict each other, yet considering the time that has elapsed since this money was obtained by Yeager from his wife, and the first note given therefor, their very contradictions are evidence that there was no collusion between Yeager and his wife to cheat, defraud, hinder, prevent or delay creditors of Yeager. Your auditor therefore as to this claim finds as follows :

1st. That the transaction of borrowing money and giving notes therefor by the defendant from and to his wife, the plaintiff, was a bona fide business transaction, and not done for the purpose of cheating and defrauding creditors.

2d. That the plaintiff, Emma Yeager, has clearly shown to your auditor that this money loaned by her to her husband was her own separate estate.

3d. That at the time Yeager confessed judgment to the plaintiff, she was a bona fide creditor of the defendant, and although at that time Yeager was unable to pay all his creditors, yet he had a right to prefer which of his creditors he would pay.

In reference to the expenses connected with this audit, your auditor is not satisfied that any good reasons have been advanced to change the local practice of our court in this respect. On the contrary, your auditor is convinced that in this case, no

injustice will be done any or all of the lien creditors by pursuing the usual practice and allowing the expenses out of the general fund, before the distribution is made among the lien creditors. This method may be unjust, in some instances, but from the above findings of your auditor and the records in this case, here the usual method is entirely fair and just to all parties interested.

The opinion of the court below, SAVIDGE, P. J., covering these points is as follows: " There is clearly sufficient testimony to sustain the judgment of Emma Yeager, wife of the defendant; and the finding of the auditor in her favor will not be disturbed.

" As to the cost, there can be no question of the necessity of bringing the fund into court for distribution. That is demonstrated by the sequel. Hence it was right to follow the usual rule and take the costs first out of the fund."

*Errors assigned* were (1, 2) allowing of claim of Emma Yeager, (3, 4) deducting the costs of the audit from the general fund, and not dividing same pro rata among the several claimants.

*George J. Wadlinger*, for appellant.—Where it clearly appears to the Supreme Court that an auditor has not only found facts against the weight of the evidence, but also disregards the evidence, and thereby reaches an unjust result, his finding of facts and law, though confirmed by the court below, will be reversed: Miller's Appeal, 102 Pa. 544; Milligan's Appeal, 97 Pa. 525; Hindman's Appeal, 85 Pa. 467. As to the measure of proof to sustain wife's judgment see Wilson v. Silkman, 97 Pa. 508. The general doctrine on confessions of judgment by failing debtors, we think, may be safely said to be that which was laid down in Ditchburn v. Jermyn, 3 Dist. Rep. 635. A higher degree of proof, however, is exacted from a wife taking a confession of judgment from her failing husband; in other words, for the prevention of fraud, clear and satisfactory proof of a wife's claim against her husband is exacted in a degree, not required of others: Lahr's Appeal, 90 Pa. 507; Wesco's Appeal, 52 Pa. 195; Hause v. Gilger, 52 Pa. 412; Metz's Estate, 1 Leg. Record, 201. And if it be attempted to establish the indebtedness of a husband to his wife for her money received by him,

his admissions must be deliberate, precise and consistent with each other: Wesco's Appeal, 52 Pa. 195.

The fund realized by the sale of the debtor's property is insufficient to pay the liens against it in full and the costs; we invoke, therefore, in this case, the application of the rule "that where an auditor is appointed to report distribution among creditors, of the proceeds of a sheriff's sale of the real estate, and the fund is insufficient to pay the liens against it in full, the costs of audit should be apportioned among the lien creditors in proportion to the amount received by each of them:" Cowden's Estate, 1 Pa. 283; Brightly on Costs, 319; Wadlinger on Costs, 317; Moore's Appeal, 50 Pa. 250.

*Robert P. Swank,* for the appellee.—This finding of fact by the auditor is entitled to the same weight as the verdict of a jury, McConnell's Appeal, 97 Pa. 31; and will not be set aside except for clear, palpable mistake, affirmatively established or apparent on its face: Harland's Accounts, 5 Rawle, 323; Stehman's Appeal, 5 Pa. 413; Miller's Appeal, 30 Pa. 478; Yohe's Appeal, 55 Pa. 121; Brua's Appeal, 55 Pa. 294; Bedell's Appeal, 87 Pa. 510; Roddy's Appeal, 99 Pa. 10; Logue's Appeal, 104 Pa. 136. Has the auditor made a clear, palpable mistake? The trial judge, SAVIDGE, P. J., finds after giving due consideration to exceptions to auditor's report and the arguments of counsel: "There is clearly sufficient testimony to sustain the judgment of Emma Yeager, wife of the defendant; and the finding of the auditor in her favor will not be disturbed. To secure a reversal of this finding, the appellant must satisfy the court that there is no evidence whatever to support the finding of fact by the auditor. The finding of an auditor upon a question of fact being sustained by the court below, the Supreme Court will not reverse because the finding might have been the other way, if the evidence was sufficient to sustain the finding: Lewis' Appeal, 127 Pa. 127. The Supreme Court will not go over the evidence to correct matters of fact found by an auditor, and approved by the court below, except it be an extreme case: Jarman's Appeal, 161 Pa. 151; McCarty's Appeal, 14 Atlantic R. 352; Prouty v. Prouty, etc., 155 Pa. 112. A finding of fact by an auditor, approved by the court below, will not be disturbed, because the evidence is conflicting: Sickler's Appeal, 17 Atlantic R. 32.

112          NUDING BREWING CO.'S APPEAL.

Arguments—Opinion of the Court.          [1 Super. Ct,

A judgment creditor who vexatiously litigates a claim before an auditor, may be charged with the costs incurred : Hamnett's Appeal, 72 Pa. 337 ; Orphan Asylum's Appeal, 38 Pa. 535; Larimer's Appeal, 22 Pa. 41.

OPINION BY BEAVER, J., January 20, 1896 :

A fund of $1,204.83, arising from the sale of the real estate of Joseph Yeager, was brought into the court below for distribution.   As to this fund there were practically four claimants, the aggregate of whose judgments was more than sufficient to exhaust it.   These claimants being unable to agree among themselves, an auditor was appointed to make distribution of the fund. After a careful examination of the judgments of the several claimants and considerable testimony as to the judgment of Emma Yeager, he made distribution—after deducting the costs of the audit, amounting to $90.39—to the Fidelity Building & Loan Association of Mahanoy City, plaintiff in judgment entered to No. 64 of November term, 1891, and also plaintiff in judgment entered to No. 152 of March term, 1892, $611.09 ; to Charles Becker, now to the use of D. Stull & Co., plaintiff in judgment No. 243 of November term, 1893, $110.84 ; to Emma Yeager, plaintiff in judgment No. 110, January term, 1894, $235.12 ; to A. & D. M. Hoppes, agents, plaintiffs in judgment No. 212 of March term, 1894, $53.17 ; and the balance to the Nuding Brewing Company, plaintiff in judgment No. 200 of November term, 1893, $104.22.   Exceptions were filed to the auditor's report which, upon due consideration, were overruled by him.   The court below, after a careful review of the case, reduced the amount awarded to the judgment of the Fidelity Building & Loan Association to $528.08, adding the deduction of $83.01 to the amount awarded to the Nuding Brewing Company, making its distributive share $187.20 instead of $104.22 as fixed by the auditor.   In all other respects the distribution, as made by the auditor, was confirmed by the court.   The appellant in his presentation of the case omits that part of the report of the auditor which relates to the claim of the Fidelity Building & Loan Association, on the ground that it is very lengthy and has no bearing on the present controversy.   He admits that the judgments of Charles Becker, use of, and A. & D. M. Hoppes, agents, were entitled to the amounts awarded to them by the auditor respectively.

The contention in this court is, therefore, narrowed to two points, first, the validity of the judgment of Emma Yeager who is the wife of Joseph Yeager, by the sale of whose property the fund for distribution was raised; and, second, the legality of the deduction of all the costs of the audit from the fund before distribution was made to the several claimants thereof.

As to the judgment of Emma Yeager, considerable testimony was taken by the auditor. We have very carefully reviewed it. The validity of the judgment rests upon the testimony of Joseph Yeager, the defendant, and his wife Emma Yeager. From their testimony, it clearly appears that the wife had a small estate in her possession at the time of her marriage or which came to her shortly after her marriage to Joseph Yeager. Both testify as to the amount which the wife transferred to her husband. The circumstances of the transfer and what was done by them at the time, and subsequently, clearly negative the intention to make it a gift. There is evidence of a note having been given shortly after the transfer, of the loss of this note and its subsequent replacement by the obligation upon which the judgment, the validity of which is contested, was entered. There are some minor discrepancies or contradictions between the testimony of Joseph Yeager and Emma Yeager, but they are not of such a character as to indicate fraud or collusion between the husband and the wife. The auditor carefully considered the facts as is shown by his report, as did also the court below. We think their findings were entirely justified and that the amount awarded to this judgment was properly so awarded. The appellant lays considerable stress upon the fact that the testimony of the husband and wife was not supported by other evidence which was easily accessible. It is to be remarked, however, that the testimony of Emma Yeager especially laid her case open to attack, in case her claim was not honest. It was just as easy for the appellant to contradict her by the evidence to be had in the banks to which she referred, and from the pension office, as it was for her to secure this evidence to corroborate her own. Having failed in this, it is scarcely the subject of proper complaint.

The general conclusions herein stated, namely, first, that an appellate court will not disturb the findings of fact made by an auditor and confirmed by the court below, except in cases of

fraud, of clear mistake or of manifest lack of due consideration, and, second, that the preference given by a husband to a wife in case of bona fide indebtedness is not a fraud against creditors nor evidence of fraud, are so abundantly sustained by authority that it is not necessary to refer to the cases upon which these principles rest. They are referred to in part by the appellee in his argument, but have become so thoroughly settled that it should not be necessary to quote an authority to sustain them.

As to the question of costs, so far as the parties now appearing in this court are concerned, they should undoubtedly be paid by the appellant, for the reason that in the contest as to the judgment of Emma Yeager, in which he was worsted, the auditor properly found that the judgment of Mrs. Yeager was a valid one and, therefore, as between her and the present appellant contesting her claim, the latter should pay the costs. Whether or not there was sufficient in the contest as to the amount of the judgment of the Fidelity Building & Loan Association to have made it properly chargeable with any portion of the costs, we are not able now to determine, for the reason that the appellant has omitted that portion of the auditor's report which relates to this judgment. From what appears in this case, as presented by the appellant in his paper-book, it is very clear that the court below very properly confirmed the report of the auditor both as to the validity of the judgment of Emma Yeager and as to the question of costs, so far as any liability on the part of Emma Yeager to contribute thereto is concerned.

The decree of the court below is, therefore, affirmed.