## Estate of Charles E. Luce. Appeal of Mary E. Luce.

*Evidence—Competency of wife to prove marriage.*

The wife is a competent witness to prove marriage with her deceased husband: Drinkhouse Est., 151 Pa. 294.

*Orphans' court—Review—Findings of fact of auditing judge.*

The findings of fact by an adjudicating judge will not be reversed when based upon evidence sufficient to sustain the verdict of a jury: Drinkhouse's Est., 151 Pa, 294.

This rule is specially applicable where the turning point rests on the credence to be given, to the testimony on one side or the other, such credence depending largely upon the manner of the witnesses, their candor, intelligence and their memory, on which points the finding of the adjudicating judge should control, for the reason that he had the best opportunity for reaching a satisfactory conclusion in relation thereto.

The rule upon this subject is founded on reason and should be adhered to unless there are erroneous deductions drawn from practically undisputed facts.

*Evidence of marriage.*

A marriage will be sustained when based not only on evidence of years of cohabitation and reputation and wifely conduct, but also founded on a formal marriage ceremony performed by a clergyman in the presence of two witnesses; all of which facts were established if claimant's evidence was credible, and its credibility was established by the finding of the adjudicating judge.

Argued Dec. 16, 1896. Appeal, No. 164, Nov. T., 1896, by Mary E. Luce, from decree of O. C. Phila. Co., Jan., T., 1895, No. 142, dismissing appeal from the register in the matter of the petition for revocation of letters testamentary. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Appeal from register on refusal to revoke letters.

Charles E. Luce died intestate. Letters were granted to his brother Francis E. Luce. Mary E. Luce, the petitioner, applied for revocation of these letters as improvident, and the granting of letters to herself as the widow of decedent. The register refused the petition and the case on appeal to the orphans' court was heard before ASHMAN, J.

The evidence was conflicting, but tended to show a marriage

ceremony, long years of cohabitation and affectionate intercourse as well as reputation as man and wife.

The auditing judge sustained the appeal, revoked the letters, and directed the register to issue new letters to the petitioner. On exceptions filed the auditing judge was reversed by the court in an opinion by HANNA, P. J., reported in 5 Dist. Rep. 137. ASHMAN, J., dissenting.

*Errors assigned* were, (1–12) to the findings of the court in banc in reversing the auditing judge.

*Alfred N. Keim*, with him *Homer W. Edwards*, for appellant.— If there be evidence of a marriage in fact, evidence of reputation is not essential. This was decided so long ago as 1859 in the case of Hill v. Hill, 32 Pa. 514; also in Freno v. Freno, 1 W. N. C. 165 (1873). In the case of Senser v. Bower, 1 P. & W. 450, 452 (1830) Chief Justice GIBSON, decided also that where the proof is equal, the presumption in favor of innocence must prevail. .

The finding of an adjudicating judge who has heard all the testimony is entitled to the highest consideration, his finding being analogous to the verdict of a jury, and should not be set aside unless the evidence entirely fails to support the conclusions reached; Strauss' App., 168 Pa. 561 (1895); Agnew's Est., 29 W. N. C. 520, (1892); Lazarus's Est., 142 Pa. 104 (1891); Drinkhouse's App., 151 Pa. 294 (1892); Lewis' App., 127 Pa. 127 (1889).

*Robert J. Williams* for appellee.—The burden is undeniably on the petitioner to prove either an actual marriage with decedent, or such facts and circumstances from which the law will presume a contract of marriage to have been entered into : Sheehan's Est., 139 Pa. 168.

The auditing judge's conclusion was reached by deduction from the evidence submitted, and being the result of reasoning is the subject of revision and correction: Cake's Appeal, 110 Pa. 65.

As to marriage by repute, see Bicking's App., 2 Brewster, 202; Brinckle v. Brinckle, 34 L. I. 428.

OPINION BY BEAVER, J., January 18, 1897:

The petitioner, who is the appellant here, is a competent witness: Drinkhouse's Est., 151 Pa. 294. Was she a credible witness? If she were and she and the decedent, whose widow she claims to be, were in law capable of making a marriage contract in 1876, she is undoubtedly the widow of Charles E. Luce. She testifies distinctly and circumstantially not only to a contract of marriage but to a marriage ceremony performed by a clergyman in the presence of two witnesses, of which she subsequently received a certificate in due form. This contract, if it were made, and this formal ceremony, if it took place, were unquestionably followed by eighteen years of continuous cohabitation. As to this there is practically no dispute. It was continued through all the stress and strain of hard work, poverty and sickness, in which the wife—if she were a wife— bore her part heroically, without complaint and with unfailing devotion to and affection for her companion. Her affection was undoubtedly reciprocated, and the attending physician in the last illness of the decedent speaks of it as unusual. The decedent was only deterred by the embrace of death from completing an effort to show his affection for his companion by a last embrace. All this we are aware is entirely consistent with other relations than those of husband and wife, and we speak of it only as being rather more consistent with the relation which, if the witness be credible, was established at the marriage ceremony which took place at the residence of the Batcheldors, in their presence, performed by the local preacher who happened to be present in pastoral visitation upon a sick member of the family. We might discuss the question of cohabitation and reputation, but to no profit. Was the witness credible? If she were, it is not necessary to discuss them. Who is to judge of her credibility and of the probability of the circumstantial narration of all the facts attending the relation of the parties which led to the marriage contract, and the ceremony which consummated it? As we view the case, this was to be determined by the adjudicating judge who saw the witness upon the stand, who could not fail to be impressed by the manner as well as the matter of her testimony, and who under the circumstances of this case had better opportunities of weighing it and the other testimony in the case, under all the conditions of

environment, which have so much to do in determining the weight of oral testimony, than have we or anyone else. What credence was to be given to the testimony of Frank E. Luce and Hannah Luce? There are undoubted inconsistencies and peculiarities in their testimony. What was their manner on the stand? How did they bear themselves under cross-examination? How did their conduct affect their credibility? Are they to be believed or disbelieved? Is their testimony to be regarded or excluded? All this must be passed upon by some tribunal. Ordinarily it would be for a jury, but here we have no jury. Who shall pass upon it? Who can safely pass upon it but the adjudicating judge? The rule upon this subject is founded in reason and should be adhered to, unless there are erroneous deductions drawn from practically undisputed facts. It may be conceded that, if the facts of this case had been submitted to a jury for its finding, the verdict might have been either way, and a verdict found either way could have been consistently sustained, the turning point in the case being the credence which should be given to the testimony on the one side and the other, and such credence we feel, after a careful reading of the entire testimony, depended largely upon the manner of the witnesses, their candor, their intelligence and their memory. The rule, therefore, of Sheehan's Estate, 139 Pa. 168, of Drinkhouse's Estate, 151 Pa. 294, of Strauss's Estate, 168 Pa. 561, admitting and giving full weight to what is said in regard to it in Kittel's Est., 156 Pa. 445, should be applied in this case, and the finding of the adjudicating judge should be sustained, largely for the reason that he had the best opportunity for reaching a satisfactory conclusion as to the facts involved.

We have not alluded to the finding of the register, for the reason that the hearing before him does not seem to have embraced the important and essential facts which were elicited in the hearing before the adjudicating judge.

The decree of the court below is, therefore, reversed at the cost of the appellee, and the record is remitted to the orphans' court of Philadelphia, with the direction that the letters of administration heretofore issued to Frank E. Luce, the respondent below, be revoked, and that the register be directed to issue new letters to the petitioner, who is the appellant here.