# C. S. McCormick and F. S. Nevling *v.* James L. McGonigal, Administrator.

*Judgment—Auditor may inquire as to payment.*

While an auditor appointed to distribute a fund cannot go behind a judgment of a court of competent jurisdiction to inquire into its regularity or its merits he is not precluded from receiving testimony to show that since its rendition it has been paid or otherwise satisfied.

*Appeal—Review of auditor's findings of fact.*

An appellate court will not disturb the findings of fact made by an auditor and confirmed by the court below, except in cases of fraud, of clear mistake or of manifest lack of due consideration.

Argued Feb. 9, 1897.    Appeal, No. 1, Feb. T., 1897, by C. S. McCormick, from order and decree of O. C. Clinton Co., dismissing exceptions to auditor's report and confirming said report. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, and REEDER, JJ.    Affirmed.

Exceptions to auditor's report. Before METZGER, P. J., specially presiding.

Real estate of decedent having been sold for payment of debts the account of the administrator was referred to Jesse Merrill Esq., as auditor to pass upon exceptions filed thereto and to make distribution.

The question raised by this appeal is whether a judgment of one J. W. Potter to the use of C. S. McCormick v. John McGonigal, the decedent, was paid before the sale of the real estate for the payment of decedent's debts. The auditor found as a question of fact that the judgment was so paid. Exceptions to the report of the auditor were dismissed by the court below.

*Error assigned* was dismissing exceptions and confirming the

report of the auditor, thereby declaring the judgment of the appellant paid and applying the money in accordance with the account filed.

*A. F. Ryon* and *C. La Rue Munson*, for appellant.—The appellate court will reverse a decree confirming the auditor's report if his conclusions are not warranted by the facts specifically found, or not materially disputed: Jacob's Appeal, 107 Pa. 137; Miller's Appeal, 102 Pa. 544; Milligan's Appeal, 97 Pa. 525; Hindman's Appeal, 85 Pa. 466.

*H. T. Harvey*, for appellee.—The finding of an auditor upon a question of fact being sustained by the court below, the appellate court will not reverse, because the finding might have been the other way, if the evidence was sufficient to sustain the finding: Lewis's Appeal, 127 Pa. 127.

The Supreme Court will not go over the evidence to correct matters of fact found by the auditor and approved by the court below except it be an extreme case, one of clear error: McCarty's Appeal, 14 Atl. Rep. 352.

OPINION BY BEAVER, J., April 12, 1897:

A single assignment of error brings before us in this case a single question of fact, pure and simple. Was the judgment of Potter, of which the appellant is the assignee, against John McGonigal paid prior to McGonigal's death? The question was raised before an auditor appointed to distribute the balance in the hands of the administrator of John McGonigal. It was within the power of the auditor to consider this question. If authority for this proposition were needed, it will be found in Borland's Appeal, 66 Pa. 470: "It is certainly true that an auditor appointed to distribute the proceeds of a sheriff's sale cannot go behind the judgment of a court of competent jurisdiction either to inquire into its regularity or its merits, but it is equally true that he is not precluded from receiving testimony to show that since its rendition it has been paid or otherwise satisfied." This question of fact coming within the scope of the legitimate power of the auditor has been found by him against the appellant. The orphans' court, upon exceptions to the report of the auditor, confirmed his finding of fact. The

character of the testimony adduced upon the one side and the other to support or refute the fact was such as is peculiarly the province of an auditor to pass upon and determine. This is clearly shown by his finding which is as follows: " There was a wide difference of opinion in the witnesses called by the several parties as to the value of the property obtained by Mr. McCormick by purchase at the sale. From the character of the witnesses, their conduct on the stand and the knowledge they had of the value of the property when sold together with the fact that no evidence was produced that Mr. McCormick after the effort George Shaffer made to obtain the property, made any demand or effort to get the balance of the property purchased at the sale; I find that the value of the property he received was in excess of the amount of the debt, interest and costs of the judgment at the time of the sale." It is impossible for an appellate court to know the character of the witnesses produced, to judge of their conduct upon the stand, of their knowledge of the facts as to which they testify, of their memory and candor, hence the reasonableness as well as the necessity of the rule so often laid down and so fully established " that an appellate court will not disturb the findings of fact made by an auditor and confirmed by the court below, except in cases of fraud, of clear mistake or of manifest lack of due consideration: " Becker v. Yeager, 1 Pa. Superior Ct. 107; Lewis's Appeal, 127 Pa. 127; Hess's Estate, 150 Pa. 346. The finding of fact by the auditor in this case was based upon competent and sufficient evidence, was duly considered and has been approved by the court below. We can find nothing in a careful review of the facts of the case which will warrant us in disturbing the conclusion reached. The decree of the orphans' court is, therefore, affirmed and the appeal dismissed at the costs of the appellant.