# May's Estate.

*Orphans' court—Finding of fact—Auditing judge.*

A finding of fact by an auditing judge will not be disturbed except in cases of fraud, clear mistake or manifest lack of due consideration, when based upon evidence sufficient to sustain the verdict of a jury.

*Appeals—Joint appeal—Orphans' court.*

An appeal from a decree of the orphans' court taken jointly by eleven individuals who claim to have been second cousins of the decedent, and her next of kin at the time of her death, but who do not claim in a joint right, and are not all even children of the same parents, will be quashed as the appellants have no standing to maintain a joint appeal.

Argued Dec. 9, 1902. Appeal, No. 53, Oct. T., 1902, by Jonathan D. May, Rachel M. Simpkins, Margaret M. Nichols, Barbara Elwell Branddriff, Jacob May, Andrew H. Garrison, Stephen Garrison, Henry K. Garrison, Samuel G. Garrison, Margaret Ann Garrison Campbell and Charles P. Garrison, from decree of O. C. Phila. Co., April T., 1901, No. 571, dismissing exceptions to adjudication in estate of Mary Ann May, deceased. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Exceptions to adjudication.

*Errors assigned* were in dismissing exceptions to adjudication.

*Rudolph M. Schick*, with him *George R. Jefferson*, for appellant.

*John Weaver*, for appellee.

OPINION BY W. D. PORTER, J., January 20, 1902:

The auditing judge found as a fact that Margaretta E. Mount was next of kin of the decedent and awarded to her the balance of the estate after the payment of debts and expenses of administration. The testimony presented before the auditing judge related exclusively to the pedigrees of the various claimants. We have carefully considered that testimony and are convinced that there was an abundance of evidence to sustain the finding. Such a finding will not be disturbed except in cases of fraud, clear mistake or manifest lack of due consideration, when based upon evidence sufficient to sustain the verdict of a jury : Nuding Brewing Company's Appeal, 1 Pa. Superior Ct. 107; Luce's Estate, 3 Pa. Superior Ct. 289; McGonigal's Estate, 4 Pa. Superior Ct. 408 ; Drinkhouse's Estate, 151 Pa. 294; Strauss's Estate, 168 Pa. 561. We would affirm this judgment if the record were here in proper shape for review.

This appeal is taken jointly by eleven individuals who claim to have been second cousins of the decedent, and her next of kin at the time of her death. They do not claim in a joint right, and are not all even children of the same parents, and for the reasons given in Samson's Estate, post, p. 93, in which an opinion has this day been filed, they have no standing to maintain a joint appeal.

The appeal is quashed.