## Myers's Estate

The facts appear from the adjudication of

GEST, J., Auditing Judge.—John Myers died August 21, 1930, intestate. Letters of administration were granted on September 8, 1930, and proof of advertisement of notice thereof was produced to the auditing judge.

It was admitted by all parties that the decedent died unmarried and without issue. Mr. Klein, for the Commonwealth, claimed that he died without known heirs or next of kin, and that the estate should be awarded to the Commonwealth

to be paid into the state treasury under section 1314 of the Fiscal Code of 1929. Mr. Archbald appeared for numerous persons who claimed to be the next of kin of the decedent, as set forth in his appearance slip and the alternative petition for distribution.

Claims are admitted as follows: Samuel Richards, $40; Ninth Bank and Trust Company, $43.33, which will be allowed.

The case of the claimants rests upon the allegation that the real name of the decedent, John Myers, was Herman Clemens Rohe, and, if this contention is correct, it appears without question that the claimants represented by Mr. Archbald are entitled to the estate, they being a sister, Josefine Lüttmer-Strathmann, entitled to one-third, and the issue of Maria Magdalena Klöker, another sister, entitled to one-third, and the issue of Franz Joseph. Rohe, a brother, entitled to one-third, they being nephew and nieces and grandnephews and grandnieces of the said Herman Clemens Rohe.

The decedent was a tailor and afterwards a peddler, living at No. 2208 East Hagert Street. He was twice married, but both wives predeceased him, and he had no issue.

The testimony concerning the identity of the decedent, known as John Myers and Herman Clemens Rohe, was circumstantial and inferential, and, as it was clear that the decedent was a native of Germany, most of the testimony was collected there by a lawyer in Berlin, Dr. C. Gneist, who was formerly German consul general in New York and was employed by Mr. Archbald, and offered to the auditing judge without objection. The question is the narrow one of the identification of the decedent.

The testimony was voluminous, but may be fairly abstracted as follows: The documentary evidence showed that the decedent was naturalized on September 28, 1922, and the record of his naturalization stated that he was born in Lohne, Germany, on March 22, 1857; that he emigrated to the United States on the Steamship "Baltimore" from Bremen, Germany, landing in Baltimore, Md., on April 11, 1872, and that he had resided in Pennsylvania since April 1, 1877; that he had been married; that his wife was dead; that he had no children. As it seems there are five towns or cities in Germany called Lohne, the search was attended with difficulty, but, from the testimony of persons who knew Myers, it appeared that he came from the Province of Oldenburg, in which a town called Lohne is located.

From the marriage certificate of the decedent with Matilda Olsen in Camden, N. J., November 5, 1891, it appears that he gave his age at that time as thirty-four; that his father's name was Clements, residing in Germany, and his mother's name was Bushman, also residing in Germany. After the death of this wife he was married again in Philadelphia on November 23, 1914. His statement to obtain the marriage license was that he was born in Germany, March 22, 1860; that his wife died four years previously; that his father's name was Clarence and his mother's maiden name was Alexandrina Buschmann. It was then ascertained from the official records at Lohne, Oldenburg, that one Herman Clemens Rohe was there born on March 22, 1857 (which corresponds with the naturalization record), and that his father was Clemens Rohe and his mother Alexandrina Rohe, nee Buschmann. It was also shown that one Clemens Rohe arrived in Baltimore, April 19, 1873, from Bremen, Germany, aged sixteen, occupation tailor, and that no person of the name of Clemens Rohe or Herman Clemens Rohe appears on the passenger list on the Steamship "Baltimore" arriving in the year 1872.

From the testimony of members of the family of the decedent's first wife, it appears, as a rumor among them, that the decedent had changed his name,

and he told the same witnesses that he had arrived in Baltimore in his boyhood; further, that he told his friends and relatives by marriage that he came from the Province of Oldenburg, and one of these witnesses testified that the decedent said he came from Lohne in Oldenburg; and it cannot be questioned that he told some of the witnesses that his original occupation was that of a tailor. Aaron Olsen testified that the decedent had received a legacy some thirty or thirty-one years ago from an uncle who died in Amsterdam. Subsequent to the hearing, there was obtained and offered in evidence a photostatic copy of a receipt for a money legacy from Amsterdam, dated at Philadelphia, September 21, 1897, and purporting to be signed by Herman Clemens Rohe or Clemens Rohe, acknowledged before Lewis Land, notary public at Philadelphia, September 21, 1897. No person by the name of Herman Clemens Rohe or Clemens Rohe is listed in the Philadelphia Directory from the year 1873 to the year 1899, inclusive.

The objections of the Commonwealth to the claim made by the next of kin of Herman Clemens Rohe were, first, that the evidence of identity was purely circumstantial. It may be admitted, and in fact was admitted by the learned counsel for the claimants, that the burden of proof was on them, but no case goes to the extent of holding that proof must be positive and affirmative beyond the peradventure of a doubt. It is like any other fact dependent on the weight and preponderance of the testimony, although more in point are the criticisms made by the learned counsel for the Commonwealth, pointing out some discrepancy in the testimony adduced by the claimants, chiefly, that Jennie Rouch testified that decedent told her that he had a brother named Conrad and a sister named Julia, whereas the sisters of Herman Clemens Rohe were Josephine and Maria, and his brother's name was Franz Joseph. And it appears also—and in fact that learned counsel for the claimant very frankly called the attention of the auditing judge thereto in his brief—that the dates of landing in Baltimore by John Myers and Clemens Rohe vary by a year, as stated in his petition for naturalization and the record in Baltimore. But, after the lapse of forty-four years, an error of a year (probably in the memory of the applicant for naturalization) does not seem vital. So the name of the father of the decedent appears in 1891 as Clements, and in 1914 as Clarence. In the birth certificate of Herman Klemens Rohe, the father's name appears as "Klemens." Very likely the error was made by the marriage license clerk in the hurry of business; the name of the mother, however, is identical, and this is extremely important.

I do not attach great weight to the change of his name made by the decedent. There was no explanation of this in the testimony beyond a hint that he had got into some difficulty with a woman, but, laying that aside, it was not unnatural for a German emigrant, bearing a name unfamiliar to English-speaking people, like Rohe, to take another more readily pronounced—Meyer being a frequent one; and it will be noted that the name of Meyer, in its various spellings, is familiar in both languages, and is so frequent in German that John Meyer is almost equivalent to John Smith in English.

I conclude, after my examination of the testimony, that if this case were submitted to a jury, the verdict would be in favor of the claimants, and this is my own opinion. The weight of the testimony is decidedly in favor of the claimants, and, despite minor matters of criticism, I believe that they have fully sustained the burden of proof. See Sheehan's Estate, 139 Pa. 168, Luce's Estate, 3 Pa. Superior Ct. 289, and Bryant's Estate, 176 Pa. 309.

I, therefore, find as a fact that the decedent, John Myers, who stated that he was born in Lohne, Germany, on March 22, 1857, of a father by the name

of Clements and a mother by the name of Alexandrina Buschmann, is identical with Herman Klemens Rohe, who was born in Lohne, Germany, on March 22, 1857, of a father by the name of Klemens Rohe and a mother by the name of Alexandrina Rohe, nee Buschmann, and, therefore, the balance for distribution will be awarded to the claimants, the next of kin of Herman Clemens Rohe.

*Charles Klein*, special deputy attorney general, for exceptant.

*Robert W. Archbald, Jr.*, contra.

HENDERSON, J., June 24, 1932.—A careful study of the record and briefs of counsel leads us to the conclusion that the auditing judge was right and for the reasons given by him.

Certain of the awards were, by the adjudication, directed to be paid to the German Consul of New York. Since the filing of the adjudication, it is stated that a German consul has been appointed for Philadelphia, and it is requested that certain of the awards should be made payable to him and not to the consul at New York. Leave is given to petition the auditing judge for an amendment to this effect.

The exceptions are dismissed and the adjudication is confirmed absolutely.