## Associated Dry Goods Corp. v. Hill

*Robert S. Shaw*, for plaintiff.

*Theodore R. Griffith*, for defendant.

LICHTENFELD, J., June 28, 1960.—This matter is before the court on defendant's preliminary objections to plaintiff's complaint.

Plaintiff, Associated Dry Goods Corporation (Lord & Taylor Division) brings this action in assumpsit against defendant, Winifred Hill, upon a contract to pay to plaintiff an indebtedness incurred by his daughter, Nancy Hill.

In the fall of 1957, in response to a demand made by plaintiff for payment from Nancy Hill of her indebtedness to it of $337.67, defendant sent plaintiff a letter dated November 8, 1957, in which defendant stated, inter alia, "As my daughter, Nancy, is not working I am going to pay her bill as soon as possible."

On May 8, 1958, defendant sent to plaintiff's attorney a letter stating, inter alia: "Unfortunately, I was not able to meet the payments due to the fact that I was laid off from my job, but now that I am back to work I will start payments if it is satisfactory to you."

Plaintiff avers that the promise made by defendant to pay plaintiff the debt owing by his daughter, Nancy Hill, contained in the two letters constitutes a legally enforceable agreement in writing to answer for the debt or default of another.

Defendant filed preliminary objections to the complaint on three grounds, namely: (1) That there was no consideration for the alleged promise; (2) that the averments in paragraph 4 of the complaint do not set forth an agreement; and (3) that the averment in paragraph 6 of the complaint is not an agreement that defendant agreed to become liable for the payment of a debt of another person.

Assuming, but not deciding, that there was an offer by defendant to be responsible for the debt of another person, and an acceptance of the offer by plaintiff, the complaint fails to set forth any consideration for the alleged contract. Therefore the first preliminary objection must be sustained.

In Hess' Estate, 150 Pa. 346, the court said:

"The authorities are uniform that the promise to pay the debt of another, although it be in writing, is nevertheless of no force unless founded upon a consideration. It is of itself a distinct contract, and must rest upon its own consideration: 2nd Parsons on Contracts, pages 6 and 7; Cobb v. Page, 17 Pa. 469; United States v. Linn, 15 Peters 290; Rumberger v. Golden, 99 Pa. 34. It is useless to multiply authorities upon so plain a proposition."

The complaint fails to set forth any consideration for the alleged promise of defendant and is therefore fatally defective. Plaintiff may be able to aver a consideration, and an opportunity will be given to plaintiff to file an amended complaint if it can do so.

### Order

And now, June 28, 1960, defendant's first preliminary objection to the complaint is sustained, with

leave to plaintiff to file an amended complaint in accordance with the foregoing opinion within 20 days from the date hereof, or otherwise suffer judgment sec. leg.