## Kittanning Borough *v.* Burns, Appellant.

*Automobiles—Passing street car on wrong side—Boroughs—Burgess—Act of April 27, 1909, P. L. 265.*

1. Where passengers are taken on and discharged on both sides of the single track of a street railway in a borough, and there is no law or ordinance requiring passengers to alight on one side rather than on another, the driver of an automobile must stop his automobile while

a street car is stationary as provided by the Act of April 27, 1909, P. L. 265, and he cannot allege as an excuse for passing a standing street car on one side that the passengers should have alighted on the other side.

2. Under the Acts of May 19, 1887, P. L. 133, and April 27, 1909, P. L. 265, a burgess has jurisdiction to summarily convict the driver of an automobile for violation of the act of April 27, 1909, P. L. 265.

Argued May 8, 1911.   Appeal, No. 150, April T., 1911, by defendant, from judgment of Q. S. Armstrong Co., June T., 1910, No. 54, affirming a summary conviction in suit of Kittanning Borough v. George H. Burns.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Appeal from summary conviction before the burgess of the borough of Kittanning.

The opinion of the Superior Court states the case.

*Error assigned* was in affirming the conviction.

*J. H. Painter*, for appellant, cited as to the jurisdiction of the burgess: Agnew v. Washington Borough, 7 Pa. C. C. Rep. 180; Com. v. Thompson, 110 Pa. 297; Schlager v. Nanticoke, 4 Kulp, 244.

*H. A. Heilman*, with him *R. A. McCullough*, for appellee.

OPINION BY HENDERSON, J., July 13, 1911:

The appellant was proceeded against before the burgess of the borough of Kittanning for violating the fourteenth section of the act of April 27, 1909, P. L. 265, by operating an automobile recklessly on a public highway of that borough and in passing a street passenger car on the side of which passengers get on or off while the said car was stationary.   There was only one car track on the street, and the appellant going eastwardly passed the car on the south, the direction of the car being westwardly.   He now contends

that inasmuch as the statute forbade him from passing the car "on the side on which passengers get on or off until the car has started and any passengers who alighted shall have gotten safely to the side of the road" he is not liable to a penalty because the passengers should get on and off the car on the right side of the car, which in this case was the north side. This position would be persuasive if there were any law in this state which requires passengers on street cars to get on and off on one side or the other of the car where there is but a single track on the street, but no legislation has been brought to our attention imposing any such duty, and the habits of travelers and the usage of street railway companies in the smaller towns and cities where a single track is laid on the streets is so generally contradictory of the appellant's view that we ought not to declare that such an obligation exists. The language of the statute covers the case of streets where there is more than one track as well as where single tracks are found, but we see no substantial basis for holding that the reason for the law does not exist as well in the case of a single as of a double track. The object sought was the safety of persons traveling on street cars. They must necessarily alight from the car at the usual stopping places and in doing so are subjected to greater or less danger from passing vehicles. When we consider the speed at which automobiles are permitted to move, the regulation in question is a most reasonable one and the security aimed at ought not to be diminished by a technical interpretation of the statute. The defendant was convicted of passing with his motor vehicle a street passenger car on the side on which passengers got on and off, and the uncontradicted evidence supported this finding. The case is brought, therefore, within the very letter of the statute. It is further argued that the burgess before whom the case was tried was without jurisdiction to hear it, but this objection is met by the provisions of the act bearing on the question, in our view of the case. Section 17 authorizes constables and police officers of

cities, boroughs and townships of the commonwealth to arrest upon view and without warrant any person or persons violating any provisions of the act. They are also required to make and file with a "magistrate" or justice of the peace before whom the person arrested is taken an affidavit setting forth in detail the alleged violation of the section of the act complained of. The same section authorizes "the magistrate" before whom the offender is taken to accept bail, etc. The twenty-second section directs that sworn statements of all fines and penalties collected under the provisions of this act shall be made by the burgess, magistrate, justice of the peace or other officer imposing or receiving the same to the state highway commissioner. The Act of May 19, 1887, P. L. 133, provides that "the burgess of said borough shall exercise the power, jurisdiction and authority of a justice of the peace in the enforcement of all ordinances of the borough and collection of fines and penalties collected under the same." Reading this act in connection with the provisions of the sections above referred to we are led to the conclusion that a burgess is a "magistrate" within the meaning of the statute. The twenty-second section expressly names that officer in the enumeration of the judicial officials who are to make return to the state highway commissioner of the fines and penalties collected by them and this gives implied if not express magisterial authority to the burgess who is invested with the powers of a justice of the peace as to proceedings under borough ordinances. We are satisfied that the conclusion of the trial judge was correct.

The judgment is affirmed.