## Commonwealth v. Dickey

*Pentz & Silberblatt*, for Commonwealth.

*Ross H. Pentz*, for defendant.

BELL, P. J., June 15, 1951.—Exceptions were filed on behalf of defendant to the transcript of J. Rex Bloom, burgess of Lumber City, averring that under the Borough Code the burgess has no authority to hear motor vehicle violations, that The Vehicle Code, in defining a burgess as a magistrate, violates the act of assembly pertaining to such matters and, third, that the arrest in this case contained the seal of Lumber City and not the seal of the burgess. It is admitted that there is no justice of the peace in Lumber City Borough, the Governor having failed to appoint a successor for some time. Lumber City Borough is posted for 35 miles per hour speed zone, and it is alleged that defendant in passing through the borough exceeded that speed. Notice of the violation was sent defendant by registered mail from Burgess Bloom's office and the fine and costs set forth in the notice were paid October 14, 1950. On November 16, 1950, a writ of certiorari was awarded directed to the burgess, requiring him to send in the transcript of the case.

The authority of the burgess is defined in the Borough Code of July 10, 1947, P. L. 1621, sec. 25, 53 PS §§12,937, 12,938 and 12,939, providing that,

"In all cases where the burgess is given the jurisdiction of a justice of the peace, he shall collect the same costs and fees as is charged by justices of the peace for like services, . . ."

The powers of the burgess, subsec. 3 says,

"To exercise the powers and jurisdiction of justices of the peace in the enforcement of all ordinances of the borough, and the collection of fines and penalties imposed thereunder; and to sentence any person violating any such ordinance to detention in the lockup, county jail, or workhouse as hereinafter provided."

Subsection 4 says:

"To exercise the powers and jurisdiction of justices of the peace within the borough for the suppression of riots, tumults, and disorderly meetings; and in all criminal cases for the punishment of vagrants and disorderly persons."

The Vehicle Code of May 1, 1929, P. L. 905, in section 2 defines magistrate as follows:

"A mayor, burgess, magistrate, alderman, justice of the peace, or other officer, having the powers of a committing magistrate."

Thus the Borough Code does not include motor violations under the jurisdiction of a burgess. The Vehicle Code requiring certain notices be sent by the magistrate, or criminal warrant to issue, defines magistrate to be a mayor, burgess, alderman or justice of the peace.

Counsel, at the argument, argued there is only one Pennsylvania appellate court case. It is the case of Kittanning Borough v. Burns, 47 Pa. Superior Ct. 540. This case was tried in 1910 and held that a warrant, issued by the Burgess of Kittanning under the Motor Law of 1909 for operating an automobile recklessly, was good. The Superior Court pointed out that section 17 of the Act of 1909 authorized constables and police officers to arrest on view and bring the parties charged with violation of the Motor Law before magistrate or burgess, and provides that burgesses and magistrates should make out regular statements of all fines and costs collected. The Superior Court concluded by saying that a magistrate was within the meaning of the Statute of 1909.

The acts up to and including the Act of May 11, 1927, P. L. 886, provide for all prosecutions to be brought before a mayor, burgess, alderman, magistrate or justice of the peace. The Act of 1919, again amended in 1921, and again amended in 1923, sec. 25, P. L. 718, reads as follows:

"All informations for offences defined in this Act, committed by motor vehicle owners or operators, shall be brought under this act, and not under any local ordinance, rule, or regulation, and all such informations shall be made before a mayor, burgess, magistrate, alderman, or justice of the peace, within the county wherein the offence is alleged to have occurred."

The Act of May 11, 1927, P. L. 886, contains similar provisions and in the Act of 1929 this section was changed to read that all informations made shall be brought before a magistrate; but in that act the word magistrate is defined as including the same parties referred to in the previous acts. There are a number of cases in which burgesses have been held to be authorized to hold hearings and issue warrants for the Motor Law and not borough ordinances, namely, Commonwealth v. Templeton, 16 Dist. R. 793, a Montgomery County case in 1906; Commonwealth v. Grubb, 8 D. & C. 120, a case in 1925.

In the case of Borough of South Bethlehem v. Godycki, 16 Northamp. 195, the Northampton County court held that the burgess was without jurisdiction to issue a warrant.

In the case of Commonwealth v. Goldenberg, 11 Fayette 77, it was held that the mayor of a third class city was the nearest available magistrate under the motor code. The motor code until 1929 expressly provided that proceedings could be had and warrant could be issued by a mayor or burgess. The change in 1929 did not reduce the power conferred because the

word magistrate, as defined in the act, is stated to include mayor or burgess.

That the intention of the legislature was to include mayors and burgesses is brought out by the title to the act. We disagree with the contention that the title fails to give notice of what is included in the act sufficient to comply with the Constitution of Pennsylvania. Keeping in mind that the Acts of 1909, 1911 and 1927 all had a specific provision in them giving a burgess power to issue warrants and hold hearings in cases of violation of the motor code, the title to The Vehicle Code of 1929 reads as follows:

"For the protection of the public safety; regulating the use of highways, and the operation of vehicles, tractors, street cars, trackless trolley, omnibuses, bicycles, pedestrians, and the riding of animals upon the highways of this Commonwealth; providing for the titling, including liens, encumbrances, and legal claims; registration of certain vehicles and licensing the operators thereof, upon payment of prescribed fees; prescribing and limiting the powers of local authorities to deal with the subject matter of this act; *conferring powers and imposing duties* upon the Department of Revenue, the Department of Highways, peace officers, *mayors, burgesses*, magistrates, aldermen, justices of the peace, the courts and the clerks thereof, owners of vehicles, and garage keepers; providing that records are admissible as evidence; imposing upon owners, counties, cities, boroughs, incorporated towns, townships, within the Commonwealth, liability for damages caused by the negligent operation of their motor vehicles; imposing penalties; imposing certain costs upon counties; providing for the disposition of fines, forfeitures, fees, and miscellaneous receipts; making an appropriation and providing for refunds."

It is noted that the title informs the public that the act confers powers and imposes duties on mayors, burgesses, magistrates and aldermen.

The third point as to the burgess using the seal of Lumber City Council rather than his own is not valid. There is no legal requirement that the burgess maintain any particular seal, and where the statute does not require a particular form of seal any type of seal can be adopted as desired by the party involved. See Collins v. Tracy Grill and Bar Corp., 144 Pa. Superior Ct. 440.

For the reasons given in the foregoing opinion the exceptions are dismissed. We will make the following

### Order

Now, June 15, 1951, for the reasons given in the foregoing opinion, the exceptions are dismissed at the cost of exceptants.