# Farmers' and Mechanics' Turnpike Company *versus* McCullough.

An action of covenant against a corporation will lie only on a written instrument sealed with their common seal; and such seal does not prove itself, but must be proved by some person having knowledge of it.

The plea of covenants performed *absque hoc*, admits the execution of the instrument declared on, and only puts in issue the performance on the part of the plaintiff as alleged in the declaration.

Where the Court granted leave during the trial to defendants to add the plea of *non est factum*, and the plea was not entered on the record, the privilege to do so will be considered as having been waived.

ERROR to the District Court of *Allegheny county*.

The defendant in error brought an action of covenant against the Farmers' and Mechanics' Turnpike Road Company, for breach of articles dated 4th January, 1851. Defendants plead "covenants performed, *absque hoc*, with leave, &c." The article of agreement purported to be made "by and between Michael McCullough, of, &c.," and the "Farmers' and Mechanics' Turnpike Road Company;" and was signed by William Eichbaum, as president of the company, to which he affixed an ink seal or scrawl. On the trial, the agreement was offered and objected to, on the ground "that it was not the deed of the company, and is not the paper declared upon." The Court overruled the objection, and admitted the evidence, and sealed a bill of exceptions. After the defendant's counsel had concluded their argument, the plaintiff's counsel asked leave to amend the declaration, which the Court granted, overruling the objection of defendant to the same. The defendant then obtained leave of the Court to add the plea of *non est factum*, but which does not *appear* to have been entered on the record. The principal point upon which the cause turned in this Court, was whether an action of covenant could be maintained on the agreement against the corporation. The jury found for the plaintiff $1445.95.

On the trial, the Court below (WILLIAMS, P. J.) ruled *pro forma*, that the action of covenant could be maintained, reserving the point. Judgment was afterwards entered upon the verdict.

This, *inter alia*, was assigned for error.

*T. Williams* and *J. Mellon*, for plaintiff in error.—Was the instrument the *deed* of the company? It was signed by the president with an ink seal like the other party. The instrument did not purport to be the deed of the company, and there was no evidence that they had either authorized or adopted it. It stood, *prima facie*, as the private seal of the president. We do not consider the authorities conflicting as suggested by the judge who

[Farmers' and Mechanics' Turnpike Company v. McCullough.]

ruled the cause. A corporation can authenticate its deeds only by its seal, and that seal *must be proved:* 7 *Ser. & R.* 318; *Ib.* 156; 11 *Ser. & R.* 129; Directors of the Poor *v.* McFadden (not reported); 1 *Ohio Rep.* 390; 14 *Pet.* 19; 7 *Cranch* 306; 19 *Johns.* 65; 4 *Mass.* 597; 8 *Conn.* 491; 2 *Scam.* 187; 1 *Green.* 231; 4 *Ib.* 388; 4 *Wend.* 285; *Ang. & Am. on Cor.* 237, 151. If their agents sign and affix their private seals, they are only bound by simple contract.

*McConnell* and *T. Mellon,* contrà.—The plaintiff declared upon the instrument as the deed of the parties. And the defendants pleaded covenants performed, *absque hoc,* thereby admitting it was their deed, and sealed with the proper seal of the company: 1 *Tr. & H.* 277, edit. of 1837; 2 *Yeates* 106; 6 *Barr* 398. This admission of record superseded the necessity for any such proof. The case was ruled by the learned judge below, on the case in 2 *Pick.* 428, which fully sustains the ruling.

It was not necessary that there should be any words indicating that the parties have affixed their seals, if it otherwise appear: Goddard's Case, 2 *Co.* 5.

The opinion of the Court was delivered by

WOODWARD, J.—An action of covenant against a corporation will lie only on a written instrument sealed with their common seal. And their common seal does not prove itself, but must be proved by some person having knowledge of it. Hence it is that the probate of a deed of conveyance by a corporation, to fit it for being recorded or given in evidence, is made by an officer of the corporation swearing that the seal thereto affixed is the common seal of the corporation. If the corporation have no common seal, they may adopt a seal for the occasion; but that must be proved to be their seal. It is said the instrument sued on here is not the deed of the corporation defendant; that the ink seal set opposite the president's name is neither the common nor the adopted seal of the company; but did the pleadings raise that question?

The plaintiff declared in covenant on articles of agreement, and the defendant pleaded " covenants performed *absque hoc,* with leave, &c." The plea of covenants performed, although in substance a denial of the breach alleged, is an affirmative plea, and puts not the execution of the instrument in issue. Nor do the words " *absque hoc,*" " without this;" for these only put in issue the performance on the part of the plaintiff, as alleged in his *narr.* The words " with leave, &c.," imply always an equitable defence, such as arises out of special circumstances, which the defendant hereby intimates that he means to offer in evidence.

As this cause went to trial, then, there was no plea on record which negatived the plaintiff's averment that the instrument sued

[Farmers' and Mechanics' Turnpike Company *v.* McCullough.]

on was the deed of the corporation. And as in pleading what is alleged and not denied is admitted, it was not necessary for the plaintiff to prove, nor perhaps to produce the instrument declared on. Nothing but the plea of *non est factum* could put the execution of the instrument in issue, and this was wanting from the record, and still is.

But we are informed by the paper-books that after the evidence was closed, and the defendant's counsel had concluded their argument, the counsel of the plaintiff, in the course of his concluding argument, asked leave to amend his declaration, which the Court granted, against the objection of defendants' counsel, and sealed a bill. A continuance was then prayed for by defendants' counsel, on the ground of surprise, and refused by the Court. They then asked leave to amend by adding the plea of *non est factum* on the record; and says the paper-book of the plaintiff in error: "By the Court: let the plea be added." On the part of the defendant in error it is alleged that though leave was granted, the plea was not in point of fact added to the record, and so far as the docket entries are furnished us, it does not appear that either amendment moved for and allowed was actually filed. In their answer to the defendant's ten points, however, the Court take notice of the amendment of the plaintiff's *narr.*, but neither in their charge, nor in their subsequent opinion upon the point reserved, is there any notice taken of the plea of *non est factum.* From all this we are at liberty, perhaps bound, to presume, that no such plea was pleaded. The leave granted entitled the defendants to add this plea, but did not compel them to do so. They might waive their privilege. In some judicial districts the rules require this plea to be verified by an affidavit before it can be filed; and it is not always convenient to swear to it. We are not informed whether such a rule obtains in the District Court of Allegheny, but it is enough for us that the record shows no such plea, and that the defendant in error alleges, without contradiction, that it never was placed on record. The defendants' covenant, then, was admitted of record, and required no proof to establish it. This conclusion, thus fairly deduced, is the more satisfactory to our minds, because it relieves us of the necessity of turning parties out of Court on a mere technicality, after they have had a full trial of the merits of their controversy.

This disposes of the most material points urged in argument. As to the rest, we see nothing in the errors assigned which demands our interposition.

The points put to the Court seem to have been well answered, so far as they involved principles of law; and where they touch matters of fact, we have no means of review; for the evidence is not on the record.

                                        The judgment is affirmed.