# Crossman et al. *versus* Hilltown Turnpike Company.

1. In an action of covenant against a corporation, the seal to the instrument upon which the suit is brought must be proved to be the seal of the corporation.

2. A corporation may adopt the seal of another or an ink impression, but such adoption or impression must be proved.

3. To prove a seal to have been adopted by a corporation, a resolution of the board of directors is not indispensable.

4. Whether an instrument is sealed or not is for the court, but whether or not the seal is that of the defendants is for the jury.

ERROR to the Court of Common Pleas of *Bucks County*.

*T. Ross*, for plaintiff in error.

The opinion of the court was delivered, February 4, 1858, by STRONG, J.—Doubtless in an action of covenant against a corporation, the seal to the instrument upon which suit is brought must be proved to be the seal of the corporation. But the

[Crossman et al. *v.* Hilltown Turnpike Company.]

common seal is not necessarily that which is commonly used. It is called the common seal, because it binds all the corporators alike. It may be, as in this case, that the corporation has no seal exclusively its own. It may adopt the seal of another, or an ink impression. Still, such adoption or impression must be proved. It is not, however, indispensable to such proof, that a resolution of the corporate officers should be produced, designating, as their own, a particular seal or impression. There are other means of proof. If an instrument, upon which a corporation is sought to be charged, purports to be sealed, and there be any evidence that the seal is that of a corporate body, it must be submitted to the jury. Whether it be sealed or not is for the court, but whether the seal affixed be the defendant's seal, a jury only can determine. Habitual use of another's seal would be some evidence of its adoption. So would the execution of an instrument by a signature opposite an impression of a seal already made, furnish some evidence of adoption of such impression. In the case now before us, the question is not whether the articles of agreement were sealed, for that is apparent on inspection, but whether the seal certainly affixed is that of the defendants. They had no seal peculiarly their own. All their agreements had been executed in the same manner with an ink scroll opposite the president's name. The secretary of the company testified that this agreement was in his handwriting, and that it was the one he was directed by the president and board of managers to prepare for this contract. It averred that the seal of the company was set to it, and a seal was there. That seal was a part of the agreement, and, according to the testimony, was put there by the direction of the company. Whether all this amounted to an adoption of it was not for the court to determine, but should have been submitted to the jury. It is true, the same witness states that the company never adopted any seal until they procured the actual corporate seal (in 1854), but his testimony must all be considered. If this last statement be intended, as is probable, that no formal resolution had ever passed recognizing a particular seal, it need only be said such a resolution was unnecessary to the adoption of the ink scroll upon the articles of agreement so as to make them the deed of the company.

The judgment is reversed and a *venire de novo* awarded.