Swaney, Appellant, *v.* Georges Township Road District et al.

Argued September 27, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*E. D. Brown,* with him *H. S. Dumbauld,* for appellant. —The bar of the statute of limitations as a defense must be pleaded as a fact: Prettyman v. Irwin, 273 Pa. 522; Barkley v. Barkley, 206 Pa. 307; Carter v. Vandergrift, 74 Pa. Superior Ct. 26.

The road district, by executing the note in pursuance of the resolution, adopted the seal appearing on the face of the note: Gill's Est., 268 Pa. 500.

*J. R. Smiley,* for appellee.—It was unnecessary for appellee to plead, by special plea, the defense of the statute of limitations: Bates v. Cullum, 163 Pa. 234; Ellinger's App., 114 Pa. 505.

The question of the claim being barred by the statute was raised in the lower court.

OPINION BY MR. JUSTICE SCHAFFER, November 28, 1932:

The court opened a judgment entered against defendant, Georges Township Road District, on May 21, 1926, on a judgment note, dated November 30, 1918, payable six months after date. By agreement filed, the parties dispensed with trial by jury and submitted the decision of the case to the court under the Act of April 22, 1874, P. L. 109. The official township seal was not affixed to the note. The court found that since the date of execution the township had made no payment of either principal or interest on the note and had done nothing else to toll the statute of limitations. In the agreement filed for trial by the court without a jury, it was stipulated that the issue raised as to the liability of the township for the payment of the note should be determined with

like effect as if suit had been brought in assumpsit. The court decided that the statute of limitations barred recovery and entered judgment for defendant.

Plaintiff, appealing from the judgment so entered, submits that, as the statute of limitations was not formally pleaded by defendant, it was error for the court to deny recovery because of the statute—that the court could not take judicial notice of the statute, citing in support of his position the cases appearing in the note.*

By the Practice Act of May 14, 1915, P. L. 483, section 3, all special pleas in actions of assumpsit, including that of the statute of imitations, are abolished. The statute declares that defenses theretofore raised by plea must be made in the affidavit of defense, but under the Amendment of May 3, 1917, P. L. 149, no affidavit of defense was required of defendant, as it is a municipality: Wilkinsburg Boro. v. School Dist., 298 Pa. 193. While the bar of the statute of limitations was not specifically set up in the petition to open the judgment, the trial judge in his opinion recites that "One defense interposed at the taking of testimony is that the statute of limitations bars recovery of any judgment against the township" and further that it was urged upon him that recovery on the note was barred by the statute. In the opinion of the court in banc in which the trial judge sat, it is also stated that the bar of the statute was raised at the taking of testimony and in the argument. We conclude that the action of the court was proper under the circumstances.

Appellant seeks to argue another proposition, not set forth in his statement of the questions involved, and therefore not arguable (Lincoln Deposit & Trust Co. v. Sanker, 305 Pa. 576; Schline v. Kine, 301 Pa. 586;

---

* Barclay v. Barclay, 206 Pa. 307; Gill's Est., 268 Pa. 500; Prettyman v. Irwin, 273 Pa. 522; American Products Co. v. Refining Co., 275 Pa. 332; First Pool Gas Coal Co. v. Wheeler Run Coal Co., 301 Pa. 485; Murphy v. Taylor, 63 Pa. Superior Ct. 85; Carter v. Vandegrift, 74 Pa. Superior Ct. 26.

Adams v. Field, 297 Pa. 247), that the obligation was under seal. It is not alleged that the seal of the township was affixed to the note, but it is said that the instrument contains the words "Witness my hand and seal" and the word "seal" appears under the words "Georges Township Road District," opposite the name of one of the supervisors. The finding of the trial judge was that the township seal had not been affixed to the note, from which he concluded that the instrument was not under seal so far as the township is concerned. Appellant nevertheless insists that the individual seal of one of those who signed the note on behalf of the township was thereby adopted by the latter so as to bind it to an obligation under seal. Granting the rule to be as stated by STRONG, J., in Crossman v. Hilltown Turnpike Co., 3 Grant 225, that the seal employed to bind a corporate body need not be the one commonly used, the official seal, and that the corporation "may adopt the seal of another, or an ink impression, still," he goes on to say, "such adoption or impression must be proved...... If an instrument, upon which a corporation is sought to be charged, purports to be sealed, and there is any evidence that the seal is that of a corporate body, it must be submitted to the jury." Since the judge here, by stipulation of the parties was sole arbiter, this question was for him to determine. See, further, as to the power of a corporate body to adopt the seal of an individual: Wolf Creek Co. v. Schultz, 71 Pa. 180; Farmers' and Mechanics' Turnpike Co. v. McCullough, 25 Pa. 303; 14 Corpus Juris, pages 334-5 ("Corporations," section 405); 14a Corpus Juris, pages 536-7 (sections 2451, 2452); note in 65 A. L. R. 338. Whether an instrument is under seal or not is a question of law for the court (Hacker's App., 121 Pa. 192), and whether a seal placed on an instrument has been adopted by the maker as his seal is a question of fact: Crossman v. Hilltown Turnpike Co., supra; Hess's Est., 150 Pa. 346. But here there was an explicit finding by the trial judge equivalent

to holding that there was no such adoption by the township, which cannot on appeal be disturbed, since no evidence of such adoption appears in the record: Hess's Est., supra. This being so, there could be no question of the township's obligation upon an instrument under seal. Whatever may have been the law in the past as to the necessity of affixing the official and recognized seal of private or municipal corporations to their obligations, the extent of present day commercial operations demands that such be done, so that no doubts may thereafter arise as to their character as sealed instruments.

We see no merit in plaintiff's appeal. The judgment of the court below is affirmed.