## Collins, Appellant, *v.* Tracy Grill & Bar Corporation.

442

Argued November 14, 1940. Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT,
JJ.

*John Ryan,* for appellant.

*Roy Martin Boyd,* for appellee.

OPINION BY HIRT, J., April 18, 1941:

Judgment was entered by confession upon a warrant
of attorney, in the usual form, contained in a note for
$450 purporting to have been given to plaintiff by de-
fendant corporation. The note was executed thus:

"Witness our hand and seal

    Tracy Grill & Bar Corp.    (Seal)

    L. U. Kinder    (Seal)

        Pres. & Treas."

On defendant's motion to strike off, the lower court concluded that the judgment was fatally defective on its face in that the seal of the corporation was not affixed and because the authority of Kinder to bind the corporation does not appear; accordingly the judgment was stricken from the record. Hence, this appeal.

The general rule is that in the absence of a statutory requirement, the adoption of a corporate seal is not essential to corporate existence or to the transaction of corporate business. 18 C. J. S. Corporations, §175. Art. III, §302 of the Business Corporation Law of May 5, 1933, P. L. 364, 15 PS §2852 provides: "Subject to the limitations and restrictions contained in this act or in its articles, every business corporation *shall have power* ...... (3) To have a corporate seal, which may be altered at pleasure, and to use the same by causing it or a facsimile thereof to be impressed or affixed, or in any manner reproduced." The provision is not mandatory and the act does no more than to authorize a corporation to adopt a particular form of seal as its own.

The word "(Seal)" in both instances where it appears in the instrument in question was a part of the printed portion of the blank form used in making the note. A natural person, in executing a specialty on a printed form, usually signs his name on a line with the printed device appearing thereon, thereby adopting it as his seal for the purpose. *Lorah to use of Evans v. Nissley,* 156 Pa. 329, 27 A. 242. With an individual, sealing has long since become constructive rather than actual and is now largely a matter of intention. One is not obliged to exercise his immemorial right to have a distinctive and identifying seal of his own. Any kind of flourish or mark will be sufficient if it be intended for a seal. Writing the word "seal" or the letters "L.S." (the place of the seal) after the signature or signing

opposite these or similar devices in the printed form, characterize the writing a sealed instrument. Section 301 of the above act provides: "a business corporation shall have the capacity of natural persons to act" within the purposes of the corporation unless repugnant to law. Since there are occasions in the execution of documents when a seal is essential, it is not unreasonable to assume that the legislature in making the adoption of a distinctive seal optional intended that a corporation, like an individual, may adopt any suitable device, when the occasion requires it, as indicative of the intention to seal the instrument. In the present case a printed form, not intended for execution by corporations but not wholly unadaptable for the purpose, was used but it must be presumed that all parts of it have some meaning except such as were stricken out before signing. *Lorah to use of Evans v. Nissley,* supra. The execution clause "Witness our hand and seal," therefore, cannot wholly be ignored; it is significant prima facie of an intention to execute the note with a seal.

Though we agree that a corporation should adopt a distinctive seal of its own so that, in executing instruments such as the one before us, no doubts may thereafter arise as to their character as sealed instruments, yet we are of the opinion that a corporation is not obliged to do so in the absence of a statute to the contrary. This view is supported by a number of cases. It has been held: a corporation "may adopt the seal of another or an ink impression" and the seal employed to bind a corporate body need not be the one commonly used. *Crossman et al. v. Hilltown Turnpike Co.,* 3 Grant 225. If a corporation have no seal, it may adopt a common seal for the occasion. *Farmer's & Mechanics' Turnpike Co. v. McCullough,* 25 Pa. 303; *Penn. N. Gas Co. v. Cook,* 123 Pa. 170, 16 A. 762.

There are many small corporations which rarely have need for a seal. And if the corporation intends to seal an instrument, it should not be permitted to avoid its obligation when the time arrives for performance, merely because it has not adopted and used a corporate seal of its own. To apply such rule would operate to the legitimate benefit of a corporation in avoiding unauthorized acts in its behalf but it would also open the door to fraud by permitting a corporation, without hearing on the merits, to avoid its just obligations on a purely technical ground.

The error, as we regard it, of the lower court arose from merging the question whether the note on its face purports to be a sealed instrument, with the other question, did the corporation intend to adopt the word "seal" as its corporate seal for the occasion; both were decided from an examination of the instrument. Only the first was a question of law, to be determined by the court on inspection, *Hacker's Appeal,* 121 Pa. 192, 15 A. 500; the second was a question of fact for a jury. *Crossman et al. v. Hilltown Turnpike Co.,* supra. Courts do not judicially notice the seals of private corporations; they must be proven but only in a proceeding raising issues of fact. In *Penna. N. Gas Co. v. Cook,* supra, a bond was signed for one corporation by its president, attested by its secretary, and for the other by its General Manager. In each instance the seal attached was an ordinary scroll, and there was no objection on that ground until after the bond was received in evidence and plaintiff's case was closed. Recovery was allowed though there was no proof whatever in regard to the seals. In the opinion, Mr. Justice PAXSON quoted with some degree of approval the principle that: "The signature of the agent of a corporation executing the instrument on its behalf, being proved, the seal, though mere paper and a wafer, stamped with the com-

mon desk seal of a merchant, will be presumed to be intended as the seal of the corporation until the presumption is rebutted by competent evidence." In *Farmers' & Mechanics' Turnpike Co. v. McCullough,* supra, it is said: "If the corporation have no common seal, they may adopt a seal for the occasion but that must be proved to be their seal" i.e., where the issue is one of fact questioning the agreement as the deed of the corporation. "Whether it be sealed or not is for the court, but whether the seal affixed be the defendant's [corporate] seal a jury only can determine": *Crossman et al. v. Hilltown Turnpike Co.,* supra. We are of the opinion that the court in this instance was bound to recognize the note as a sealed instrument leaving the question whether the seal was adopted for the occasion by the corporation, to be determined as one of fact in a proceeding opening the judgment where that defense properly may be asserted.

Two authorities are not wholly consistent with this conclusion. *Swaney, Appellant, v. Georges Twp. Road Dist. et al.,* 309 Pa. 385, 164 A. 336 had to do with the omission of the seal of a municipal corporation and what was there said,[1] not essential to disposition of that appeal, must be read in the light of that fact. *Huron L. Co., Ltd. v. Sklar et al., Appellant,* 101 Pa. Superior Ct. 534, had to do with a replevin bond executed informally on behalf of the corporation. The corporation had a seal but it was not affixed and the challenge that the device "L.S." was not adopted for the occasion was not met; a different conclusion might have been reached if the proceeding had to do with a judgment entered on the

---

[1] "Whatever may have been the law in the past as to the necessity of affixing the official and recognized seal of private or municipal corporations to their obligations, the extent of present day commercial operations demands that such be done, so that no doubts may thereafter arise as to their character as sealed instruments." p. 389.

bond. What was there said may not be regarded as the law when the question is whether *a judgment* shall be stricken off because of the alleged absence of a corporate seal.

The second question also was for the jury and not for the court. Art. III, §305 of the above act, 15 PS §2852 provides: "The by-laws of a business corporation shall operate merely as regulations among the shareholders of the corporation, and shall not affect contracts or other dealings with other persons, unless such persons have actual knowledge of such by-laws. Any form of execution provided in the by-laws to the contrary notwithstanding, any note, mortgage, evidence of indebtedness, contract, or other instrument of writing, or any assignment or endorsement thereof, executed or entered into between any corporation and any other person, copartnership, association or corporation, when signed by the president or vice-president and secretary or assistant secretary or treasurer or assistant treasurer of such corporation, shall be held to have been properly executed for and in behalf of the corporation." "Any note" names a class broad enough to include a judgment note in the form in common use, and such note when signed for the corporation by the president and treasurer complies with the act. Here the note was executed for the corporation by one man, but, for present purposes, must be regarded as having been signed by *two officers* of the corporation. In small or closely held corporations it is not uncommon for one individual to hold two corporate offices. Therefore, we may not assume as a matter of law that it was executed under circumstances rendering it invalid. It may be that the by-laws of defendant corporation forbade the giving of a judgment note or of any note executed as this one was, but by the section of the Business Corporation Law above quoted, that fact would not affect plaintiff's

rights in the absence of actual knowledge of such by-laws. *Downey & Co. v. Kraemer Hosiery Co. Ap.*, 136 Pa. Superior Ct. 553, 7 A. 2d 492. The authority of the signer of the note can be determined only in a proceeding to open the judgment. *Harr, Sec. of Bk. et al., Appellants, v. Bernheimer*, 322 Pa. 412, 185 A. 857.

A well-reasoned case presenting a similar factual situation is *Snyder Bros. v. Bailey*, 165 Ill. 447, 46 N. E. 452, in which the Supreme Court of Illinois held that a judgment was not void on its face when entered on a note executed by the president-treasurer and secretary of a corporation, without using the corporate seal and without filing proof of their authority to execute the power of attorney to confess judgment. The court said: "The question in this case may therefore be said to be, are the warrants of attorney upon which those judgments were confessed valid upon their face? Or is it necessary, in order to make them prima facie valid, that the seal of the corporation or other evidence of authority to execute them, should appear? We think, the warrants being executed by officers recognized by the law as being proper persons to do so if authorized—there being nothing to show such authority or the absence thereof—the instruments are prima facie valid." See also *State Bank of E. Moline v. Moline Pressed Steel Co.*, 283 Ill. 581, 119 N. E. 604. The foregoing rule is a reasonable one and is in accord with the rule laid down in *Harr, Sec. of Bk. et al., Appellants, v. Bernheimer*, supra.

Order reversed; the judgment is reinstated without prejudice to defendant's right to move to open.