## Pottstown Paper Box Co. v. Meyer

*Edward J. McGlinchey*, for plaintiff.

*William M. Power*, for defendant.

SATTERTHWAITE, J., November 2, 1956.—The question argued in this case on a motion for judgment on the pleadings is whether or not the written obligation of defendant Arthur L. Meyer as guarantor on a promissory note is a specialty under seal within the meaning of the statute of limitations, Act of March 27, 1713, 1 Sm. L. 76, 12 PS §31. We have concluded that the problem cannot be resolved at this stage of the proceedings.

The terms of the note in suit were typed in the appropriate blank spaces furnished on a commonly used printed form. The note is dated April 29, 1940, and the face thereof provides, inter alia, as follows, the italicized portion being typewritten and the balance printed:

"*As set forth on reverse side hereof* after date,
....*We*..... promise to pay

*M. L. FEROE*

*Two Thousand and no/100*................Dollars
without defalcation, value received, with interest,
...........(here appears a confession of judgment
clause)     . . : . ... ... . . .....

*QUAKER CITY ENGRAVING COMPANY, INC.*

(Seal)

(sgd.) *Arthur L. Meyer, Pres.*     (Seal)

Attest:

(sgd.) *Paul Sussman, Sec'y.*"

Other than the two words "(Seal)" printed at the
right end of the printed lines for signature, the form
made no reference to that term; there was no testi-
monium clause. Although it is not clear from the
photostatic copy attached to the complaint, there ap-
pears to be at least a part of a common or corporate
seal affixed or impressed to the left of the name of the
corporate maker and the signatures of the officers.

On the reverse side of the instrument appears the
following, the first part printed on the form, with
blanks filled in handwriting, and the latter italicized
portion typed:

"For value received ...I... hereby guarantee the
payment of the within note at maturity or at any time
thereafter, with interest at...6...percent. per an-
num, until paid and agree to pay all costs and ex-
penses paid on (sic) incurred in collecting the same,
waiving protest, notice, and demand of payment.

"*Payable in installments*     (L.S.)
*of $50.00 which shall be*
*applied on principal and*
*interest and each installment*
*to be due and payable on the*
*first day of any ten months*
*of each year from date hereof.*

*First installment due*
*June 1, 1940.*
    */sgd./ Arthur L. Meyer"*

The words "Payable in installments" are typed immediately beneath the preceding printed language and occupy the space originally furnished by the form for signature thereto, on a printed line for the purpose, adjacent to and immediately to the left of the printed letters "(L.S.)".

By the complaint, plaintiff alleges that defendant executed the guaranty under seal, that it is the endorsee of the payee of the note, proof whereof is demanded by defendant's answer, and it claims $1,900 with interest from July 1, 1940, giving credit for two $50 installments for which the payee's receipt, dated April 29, 1940, also appears on the reverse side of the instrument. Defendant's answer admits the execution of the note and the above provisions on the rear thereof, as well as the termination of the corporate existence of the maker on December 31, 1940. It denies, however, that defendant's signature to the guaranty was under seal, alleges by way of new matter that the last payment on account of the note was made on April 29, 1940, and pleads the lapse of more than six years subsequent thereto as a bar. Without replying to the new matter so pleaded, plaintiff has brought the case before the court on a motion for judgment on the pleadings, contending that the answer, as a matter of law, sets forth no defense to the claim.

Counsel are correct that the crucial question in the case would appear to be whether or not defendant's undertaking on the note was under seal. If his obligation not be a specialty, apart from possible factual questions as to interim recognition thereof, suit would seem to be barred by the statute. On the other hand, if it be under seal, the statute has no application and the action would not be obviated thereby: Miners Sav-

ings Bank of Pittston v. Duryea Borough, 331 Pa. 458, 464, and cases cited. We do not agree, however, that this question can be resolved at this stage of the proceedings.

Whether or not a writing is a specialty, that is, whether or not it bears a legally sufficient wax wafer, scroll, impression, marking or other device to constitute a sealed instrument, is a question of law for the court: Duncan v. Duncan, 1 Watts 322; Hacker's Appeal, 121 Pa. 192; Swaney v. Georges Township Road District, 309 Pa. 385; Collins v. Tracy Grill & Bar Corporation, 144 Pa. Superior Ct. 440. On the other hand, whether or not a particular seal, assuming its legal formality, is by impression or adoption the seal of the party sought to be bound thereby is a question of fact which must be proven if disputed: Crossman v. Hilltown Turnpike Company, 3 Grant 225; Hess' Estate, 150 Pa. 346; Swaney v. Georges Township Road District, supra. It is important that these two principles be regarded separately; merging of both into one question of law to be decided from an examination of the instrument may lead to erroneous conclusions in particular cases: Collins v. Tracy Grill & Bar Corporation, supra, at 445.

In the instant case, the instrument in suit unquestionably bears at least three devices which in the eyes of the law could be legally sufficient to constitute seals, and possibly four if the common seal of the corporate maker in fact be impressed on the face thereof. The two printed words "(Seal)" at the right end of the printed lines on the face of the form intended as the places for signature by the makers of the note, and the printed letters "(L. S.)" at the right end of the original printed line on the reverse side of the form intended as the place for signature to the printed guaranty clause, would all be sufficient for that purpose: Lorah v. Nissley, 156 Pa. 329; Koleff's Estate,

340 Pa. 423; Hazleton National Bank v. Kintz, 24 Pa. Superior Ct. 456; Collins v. Tracy Grill & Bar Corporation, supra. Moreover, although these do not all appear on one side of the instrument, the introductory language typed on the face of the form, referring to the other side thereof for the very terms of the note itself, make it not inconceivable that both sides were thereby possibly incorporated into one single document.

Whether or not defendant, in his individual capacity, in fact adopted any of these seals as his own, however cannot be determined merely by examination and, under the circumstances, must be resolved by proof. It is true that if he had signed on the printed line under the original printed guaranty clause and immediately adjacent to the printed letters "(L. S.)", such facts alone would, by common acceptance and understanding, raise a presumption of his adoption of the seal so furnished by the printer, so that a finding of fact that he had executed a sealed document would be justified: Lorah v. Nissley, supra. However, due to the typed language added below the guaranty and seal so printed, and defendant's signature at the end thereof, it cannot be said that the above principle based on common acceptance and understanding would necessarily and inevitably apply. The situation is patently ambiguous and the usual presumption cannot be said to be available. The factual question cannot be ascertained without proof when it is at issue as in this case.

At the argument, counsel for defendant seemed to indicate that the only evidence which could show that defendant's undertaking was under an adopted seal would be that contained in the document itself. If this be a correct understanding of his position, we must disagree. It is true that upon proof of the signature of the party to be charged the intrinsic language of an instrument *may* be evidence on that subject. Thus, a

testimonium clause "witness our hands and seals" in a writing contemplating and in fact executed by two parties may be sufficient to justify a factual determination that a single seal appearing thereon was adopted by both, even in the face of oral evidence to the contrary: Bowman v. Robb, 6 Pa. 302; compare Hacker's Appeal, 121 Pa. 192. It is also true, on the other hand, that if the text does not refer to the seal of more than one party, the mere proof of the signatures of additional parties without seals does not justify the inference that the latter adopted the seal affixed by the original obligor: Hess' Estate, 150 Pa. 346. It does not follow, however, that the manner of proof on the subject is exclusively confined to the terms of the instrument itself. Thus, for example, if an undertaking be shown to be sealed by the party in question, it is a specialty and it is immaterial that the body of the document makes no reference to a seal: Miller v. Binder, 28 Pa. 489; conversely, even though it be recited in the testimonum clause that the parties execute the same by their hands and seals, it is not a specialty if no seal in fact appears: Taylor v. Glaser, 2 S. & R. 501. On the subject of the necessity for and the nature of evidence relative to the fact of sealing or adoption of a seal, see Crossman v. Hilltown Turnpike Company, 3 Grant 225; Swaney v. Georges Township Road District, supra.

Since, as indicated by the foregoing discussion, there is a factual issue as to whether or not defendant's guaranty was under seal, and, in any event, since plaintiff's status as the real party in interest or endorsee of the note in suit has not been admitted, it necessarily follows that plaintiff's motion for judgment on the pleadings should be refused.

And now, November 2, 1956, for the reasons stated in the foregoing opinion, plaintiff's motion for judgment on the pleadings is denied and refused.