## Lundvall v. Camp Hill School District

644 

*Clarence C. Morrison,* for plaintiffs.

*James D. Flower, Myers, Myers, Flower & Johnson,* for defendant.

SHUGHART, P. J., July 27, 1972.—This action is brought by a number of teachers against the Camp Hill School District for damages allegedly sustained by breach of their individual contracts of employment with the district. Approximately 30 individual teachers are involved and claims for damages are made

covering the period from 1947 through to the time suit was filed on September 14, 1971.

The issue before us is whether, based upon the pleading, the causes of action of any of plaintiffs are barred for reasons of the statute of limitations, laches or equitable estoppel. Plaintiffs contend that the various contracts are under seal and that the seals upon the contracts were authorized by the board of directors of the school district. Defendant, on the other hand, contends that the contracts are not under seal and, therefore, the six-year statute of limitations applies, and, further, even if the contracts are under seal, the school board did not authorize the contracts to be so executed by the board officials.

We have reached the conclusion that no summary judgment may be entered, but our examination of the case leads us to the conclusion that a discussion of the principles involved is in order because they will become important at the trial of the case.

In Pennsylvania, there is no statute which bars suit on an instrument under seal, and laches is not assertable as a defense. There is, however, a presumption of payment after 20 years which plaintiff has the burden of rebutting after that time: Transbel Investment Co., Inc. v. Scott, 344 Pa. 544, 546 (1942).

Insofar as the suits involving claims prior to September 14, 1965, the status is dependent upon whether the individual contracts are in fact specialties. Even if the contracts are found to be under seal, plaintiffs will bear the onus of proving that all payments due on claims predating September 14, 1951, have not been made.

The Public School Code of March 10, 1949, P. L. 30, art. II, sec. 211, 24 PS §2-211, provides that the several school districts be and are vested as bodies corporate with all necessary powers to enable them

to carry out the provisions of the act. Our courts have interpreted this section to mean that school districts are considered to be quasi-municipal corporations as agencies of the State: Wilkinsburg Borough v. Wilkinsburg Borough School District, 365 Pa. 254, 257 (1950). Article II, sec. 212 of the act, 24 PS §2-212, provides that each school district may adopt a corporate seal and further sets forth what shall be inscribed thereon. The copies of the various contracts attached to the pleadings in this record do not indicate that any corporate seal, as such, was affixed to any of them.

The fact that the statutorily authorized seal is not affixed to the contracts does not foreclose the issue, however, since a municipal corporation may adopt a seal other than the one provided by statute: Brooklyn Public Library v. City of New York, 222 App. Div. 422, 226 N.Y.S. 491.* In this case, the court said, at page 505:

"And it is said by Dillon in his Municipal Corporations (5th Ed., §361), the italics being ours: 'Respecting seals, the same general principles apply to private and to municipal corporations. Thus, a corporation of the latter class would doubtless be bound equally with a private corporation by any seal *which has been authoritatively affixed* to an instrument requiring it, though it be not the seal regularly adopted' (citing authorities)."

See also Swaney v. Georges Township Road District, 309 Pa. 385 (1932),* Williston on Contracts, 3rd Ed., Jaeger, §208.

The Public School Code does not require a seal

---

* This case was cited with approval in Land Title Bank & Trust Co. v. Freas, 334 Pa. 26, and Coleman v. Pittsburgh Coal Co., 158 Pa. Superior Ct. 81, 84.

to authenticate each teacher's contract, but, if such contract is sealed, it becomes a specialty acquiring the characteristics of any other sealed instrument because a corporation may always contract under its corporate seal so as to render the instrument a specialty (Land Title Bank & Trust Co. v. Freas, 334 Pa. 26 (1939)), and a corporation may adopt a common seal for a particular occasion: Collins v. Tracy Grill and Bar Corp., 144 Pa. Superior Ct. 440, 444 (1941).

The modern view is that to create a specialty a corporation must affix a recital to indicate that the seal is not used merely for purposes of authentication: Coleman v. Pittsburgh Coal Co., 158 Pa. Superior Ct. 81, 84 (1945); 2 Williston on Contracts, 3rd Ed., Jaeger, §271A. The phrase appearing at the end of a contract "witnesseth the hand and seal" is indicative of an intent to create a specialty: Winter v. Colonial Land Co., 61 Pa. Superior Ct. 215 (1915). Such a testimonium is not a seal but an executionary clause, but the words "seal" or "L.S." appearing in conjunction with the attesting signatures will, under proper authority, constitute a valid seal: Collins v. Tracy Grill and Bar Corp., supra; Taylor v. Glaser, 2 S. & R. 502. Further, where a testimonium clause is included in a writing executed by two parties, a single seal thereon has been deemed to have been adopted by both, even though there was parol evidence to the contrary: Bowman v. Robb, 6 Pa. 302; Pottstown Paper Box Co. v. Meyer, 9 D. & C. 2d 617. See also Hess's Estate, 150 Pa. 346; Hacker's Appeal, 121 Pa. 192.

If it be concluded, as it may be here, that the contracts in question, or at least some of them, did have a seal other than a regular impression of the corporate body as provided by the statute, then the school

district may have adopted it as a seal, but plaintiffs have the burden of proving such adoption: Swaney v. Georges Township Road District, et al., 309 Pa. 385, 388. If the authorization for the use of the seal is not proved, the seal is surplusage to be disregarded: Jones v. Horner, 60 Pa. 214 (1869); Dick v. McWilliams, 291 Pa. 165 (1927); Lancaster v. Knickerbocker Ice Co., 153 Pa. 427 (1893). In such case, the six-year statute of limitations is applicable: Act of March 27, 1713, 1 Sm.L. 76, 12 PS §31.

The role of the court in the determination of whether the instruments are specialties, as developed in our case law, is cogently set forth in Pottstown Paper Box Co. v. Meyer, supra, page 620:

"Whether or not a writing is a specialty, that is, whether or not it bears a legally sufficient wax wafer, scroll, impression, marking or other device to constitute a sealed instrument, is a question of law for the court: Duncan v. Duncan, 1 Watts 322; Hacker's Appeal, 121 Pa. 192; Swaney v. Georges Township Road District, 309 Pa. 385; Collins v. Tracy Grill & Bar Corporation, 144 Pa. Superior Ct. 440. On the other hand, whether or not a particular seal, assuming its legal formality, is by impression or adoption the seal of the party sought to be bound thereby is a question of fact which must be proven if disputed: Crossman v. Hilltown Turnpike Company, 3 Grant 225; Hess' Estate, 150 Pa. 346; Swaney v. Georges Township Road District, supra. It is important that these two principles be regarded separately; merging of both into one question of law to be decided from an examination of the instrument may lead to erroneous conclusions in particular cases: Collins v. Tracy Grill & Bar Corporation, supra, at 445."

Based on the foregoing analysis, it is evident that at least some of the contracts bear sufficient mark-

ings to be legally considered as sealed. It is also true that some of the instruments bear testimoniums indicating that there may have been an intent to create a specialty. The burden of proof will rest with the various plaintiffs to prove that the particular seals on the individual contracts involved were specifically authorized and adopted and also to rebut the presumption of payment on causes of action accruing before September 14, 1951.

## ORDER OF COURT

And now, July 27, 1972, for the reasons set forth in the foregoing opinion, the motion for judgment on the pleadings and/or summary judgment be and is hereby overruled.