**In re Frank E. POLKOWSKI, Debtor.**

**Frank E. Polkowski, Objector,**

v.

**Huskie Portfolio, LLC, Claimant.**

**No. 5–01–03852.**

United States Bankruptcy Court, M.D. Pennsylvania.

May 1, 2003.

Robert Nowalis, Wilkes Barre, PA, for Debtor/Objector.

Anthony Tabasso, Philadelphia, PA, for Claimant.

### OPINION

JOHN J. THOMAS, Chief Judge.

In 1993, Frank Polkowski, the Debtor, executed a guaranty in favor of The Third National Bank and Trust Company of Scranton with regard to a loan in the face amount of $50,000. The guaranty was subsequently assigned to Huskie Portfolio, L.L.C., the Claimant. The Debtor has filed an Objection to the Proof of Claim of Huskie on several grounds, the most critical argument suggests that the statute of limitations bars the claim.

The Debtor cites 42 Pa.C.S.A. § 5525 as mandating a four year statute of limitations on actions upon an instrument. In fact, no steps were taken to enforce the guaranty until 2001.

Arguing a contrary position, the Claimant looks to the twenty year statute of limitations outlined in 42 Pa.C.S.A. § 5529 regarding sealed instruments as being applicable in this case.

The disposition of this issue turns on a legal dispute of whether the guaranty is an "instrument under seal" and on a factual dispute of whether the Debtor intended to affix his "seal" to the document.

■ Initially, I turn to the guaranty in question. Within that document, admittedly executed by the Debtor, is the statement that "the undersigned intends this to be a sealed instrument and to be legally bound hereby . . . ." Notwithstanding that language, as the Debtor points out, there is no evidence that the signature of the Debtor is accompanied by any marking that could be considered a seal under Pennsylvania law.

■ While seemingly superfluous regarding current business transactions, Pennsylvania law makes it quite apparent that whether or not this is a sealed instrument is pivotal to the outcome of this case. "It is well settled that, although a vestige of the past, a contract under seal operates to lengthen the statute of limitation . . . ." *Township of Indiana v. Acquisitions & Mergers, Inc.*, 770 A.2d 364, 374 at n. 13 (Pa.Cmwlth.2001).

■ Turning to this important issue, I address whether this guaranty is an instrument under seal. This is a question of law, not fact. *Swaney v. Georges Township Road District*, 309 Pa. 385, 388, 164 A. 336, 338 (1932). In determining what constitutes a seal, I find it helpful to refer to the Restatement (Second) of the Law on

Contracts where I find the following reference:

§ 96. What Constitutes A Seal

(1) A seal is a manifestation in tangible and conventional form of an intention that a document be sealed.

(2) A seal may take the form of a piece of wax, a wafer or other substance affixed to the document or of an impression made on the document.

(3) By statute or decision in most States in which the seal retains significance a seal may take the form of a written or printed seal, word, scrawl or other sign.

The Parties do not dispute the absence of any form of a seal or mark. The Claimant appears to advance the position that the written intention to sign a sealed instrument is the equivalent of a seal. This is addressed in § 100 of the Restatement (Second) of the Law on Contracts, as follows:

§ 100. ˙ Recital Of Sealing Or Delivery

A recital of the sealing or of the delivery of a written promise is not essential to its validity as a contract under seal and is not conclusive of the fact of sealing or delivery unless a statute makes a recital of sealing the equivalent of a seal.

There is no Pennsylvania statute that waives the necessity of a seal when otherwise referred to in the body of an instrument.

Pennsylvania case law appears to embrace a recital of sealing as "prima facie of an intention to execute [a sealed document]." *Collins v. Tracy Grill & Bar Corp.*, 144 Pa.Super. 440, 444, 19 A.2d 617, 620 (1941). Nevertheless, the presence of a "written or printed seal, word, scrawl or other sign" appears to be absolutely essential notwithstanding a finding of a party's intention to execute a sealed instrument. *Graybill v. Juniata County School District*, 21 Pa.Cmwlth. 630, 633, 347 A.2d 524, 526 (1975) ("Clearly, unless adequately rebutted, the presence of these markings ['seal' or 'L.S.'] provides ample evidence that the contracts were executed under seal"); *Collins v. Tracy Grill & Bar Corp.*, *supra.* ("Any kind of flourish or mark will be sufficient if it be intended for a seal.")

From this review, I find, as a matter of law, that the guaranty is not a sealed instrument, and therefore, the statute of limitations has expired under 42 Pa.C.S.A. § 5525. I, thus, sustain the objection to the claim.

An Order will follow.

### ORDER

For those reasons indicated in the Opinion filed this date, **IT IS HEREBY**

**ORDERED** that Debtor's Objection to Proof of Claim of Huskie Portfolio, LLC, is sustained.