J-A25036-17

2018 PA Super 26

| ROBERT W. DRISCOLL, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOHN A. ARENA | |
| Appellee | No. 226 EDA 2017 |

Appeal from the Order Entered December 19, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03288, May Term, 2016

| ROBERT W. DRISCOLL, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOHN A. ARENA | |
| Appellee | No. 228 EDA 2017 |

Appeal from the Order Entered December 30, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03293, May Term, 2016

| ROBERT W. DRISCOLL, JR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| THOMAS ARENA | |
| Appellee | No. 286 EDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 03286, May Term, 2016

J-A25036-17

BEFORE: OTT, STABILE, JJ., and STEVENS, P.J.E.*

DISSENTING OPINION BY STABILE, J.:         **FILED FEBRUARY 12, 2018**

The Majority affirms the orders striking Appellant's confessions of judgment, concluding that the underlying promissory notes (the "Notes") were not filed under seal and are therefore subject to the four-year statute of limitations of 42 Pa.C.S.A. § 5525(a)(8). The Notes each contain an identical statement regarding seal: "Borrower intends this to be a sealed instrument and to be legally bound hereby." **See** Complaint in Confession of Judgment, 5/25/16, at Exhibit A.[1] I believe this statement is sufficient to create a sealed document. I would therefore conclude that the confessions of judgment were subject to the twenty-year statute of limitations of 42 Pa.C.S.A. § 5529(b)(1), and that the trial court erred in granting Appellees' petitions to strike.

"The application of the statute of limitations to an alleged cause of action is a matter of law to be determined by the court." **Packer Soc'y Hill Travel Agency, Inc. v. Presbyterian Univ. of Pennsylvania Med. Ctr.**, 635 A.2d 649, 651 (Pa. Super. 1993). In **Beneficial Consumer Discount v. Dailey**, 644 A.2d 789, 789 (Pa. Super. 1994), the borrowers signed a document on which the word "seal" was pre-printed next to their names. When the lender

_____

* Former Justice specially assigned to the Superior Court.

[1] The note is a two-page document. The quoted portion appears on the second page in a paragraph titled "Waiver." The note attached to the March 25 complaint erroneously omitted the first page of the note, but Appellant subsequently filed a praecipe to substitute the complete note.

- 2 -

sued for default, the borrowers claimed they did not understand that they were signing a document under seal, and that the four-year statute of limitations should apply. *Id.* This Court disagreed, holding that "when a party signs a contract which contains the pre-printed word "SEAL," that party has presumptively signed a contract under seal." *Id.* at 790 (citing ***Klein v. Reid***, 422 A.2d 1143 (Pa. Super. 1980), ***superseded by statute on other grounds as stated in Packer***, 635 A.2d at 649)). The borrowers failed to rebut the presumption and thus the 20-year statute of limitations applied. *Id.* at 790-91. This Court concluded as follows:

> Unless one distances himself from the pre-printed seal, the other party to a contract should be entitled to rely on the objective manifestations of the maker's actions. There can be no question that the pre-printed "SEAL" is an actual seal and that the [borrowers] signed next to it. The [borrowers] were under no duty to accept the seal, and had every opportunity to inquire about its significance, and signed the agreement freely. We must therefore agree with the trial court that the obligation should be enforced.

*Id.* at 791. Thus, ***Beneficial Consumer*** holds that a presumption of a sealed document arises where the pre-printed word "seal" appears by the signatures.[2] I believe that the Majority and the parties agree on this point.

_____

[2] I note that ***Collins v. Tracy Bar & Grill Corp.***, 19 A.2d 617 (Pa. Super. 1941), cited in Appellees' Brief and in one of the trial court opinions in this matter, involves a distinct issue. There, the borrower signed on behalf of his company next to the pre-printed word "seal." *Id.* at 619. The document did not use an official corporate seal of the signee's company. The question in ***Collins***, therefore, was "did the corporation intend to adopt the word 'seal' as its corporate seal for the occasion." *Id.* at 620. The use of a corporate seal

More significant for the present case, however, is what **Beneficial Consumer** does not hold. It does not hold that the word "seal" by the signature line is required. And **Beneficial Consumer** is silent on the circumstances before us—an explicit statement of the parties' intent within the contract unaccompanied by any mark at the signature line. There appears to be no authority directly controlling the question before us, though a 19th century opinion from our Supreme Court provides some guidance:

> The days of actual sealing of legal documents, in its original sense of the impression of an individual mark or device upon wax or wafer, or even on the parchment or paper itself, have long gone by. It is immaterial what device the impression bears, and the same stamp may serve for several parties in the same deed. Not only so, but the use of wax has almost entirely—and, even of wafers, very largely—ceased. **In short, sealing has become constructive, rather than actual, and is in a great degree a matter of intention.**

*Loraw v. Nissley*, 27 A. 242 (Pa. 1893) (emphasis added).

Finding no binding authority directly on point, I would turn to general principles of contract interpretation. "When a contract is clear and unequivocal, its meaning must be determined by its contents alone." **N.E.A. Cross, Inc. Nat'l Fuel Gas Supply Corp.**, 600 A.2d 228, 229 (Pa. Super. 1991), **appeal denied**, 608 A.2d 31 (Pa. 1992).

> The paramount goal of contractual interpretation is to ascertain and give effect to the intent of the parties. In determining the intent of parties to a written agreement, the court

---

evidencing the signee's authority to sign on behalf of a corporation is not at issue in this case.

> looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly.

*Id.* (quoting *PBS Coals, Inc. v. Burnham Coal Co.*, 558 A.2d 562 (Pa. Super. 1989), *appeal denied*, 568 A.2d 1248 (Pa. 1989)). Further, "a contract must be interpreted to give effect to all of its provisions." *Commonwealth ex rel. Kane v. UPMC*, 129 A.3d 441, 464 (Pa. 2015). "Thus, our Court 'will not interpret on provision of a contract in a manner which results in another portion being annulled.'" *Id.* (quoting *LJL Transp. v. Pilot Air Freight*, 962 A.2d 639, 648 (Pa. 2009)).

The Majority holds that a contract is not under seal **unless** an appropriate mark appears at the signature line, even in the fact of a clear statement to the contrary elsewhere in the contract. I find nothing in the law governing sealed instruments that supports such a holding, and I believe the principles of contract interpretation require a different result.[3] Here, the Majority fails to give effect to all provisions in the Notes. Under the Majority's analysis, the parties' clear statement of intent—"Borrower intends this to be a sealed instrument and to be legally bound hereby"—is rendered

---

[3] Appellee cites *In re Polkowski*, 303 B.R. 585 (Bankr. M.D. Pa. 2003), in which the Court wrote that "a written or printed seal, word, scrawl or other sign appears to be absolutely essential notwithstanding a finding of a party's intention to execute a sealed instrument." *Id.* at 587. In the next sentence, the Bankruptcy Court cites the presumption created by the presence of the word seal at the signature line. *Id.* The holding of a federal bankruptcy court on a matter of state law is, at most, persuasive authority. For the reasons explained in the main text, I do not find *Polkowski* persuasive on this point.

meaningless. In a similar vein, the Majority interprets one part of the Notes to annul another, in clear violation of our rules of contract interpretation. Indeed, the Majority goes even further than interpreting **an express term** to annul another. The Majority relies on the **absence** of any mark at the signature line to annul a clear, positive statement of the parties' intent. ***See Radio Craft Co. v. Westinghouse Elec. & Mfg. Co.***, 7 F.2d 432, 434 (3d Cir. 1925) (reasoning that "unnecessary presumptions, based upon silence, […] cannot destroy plain, positive provisions of an agreement."). Finally, the contract clearly states that the borrower intends "**this** to be a sealed instrument…." I do not believe it is possible, as Appellees suggest, to read the disputed sentence as a mere statement of intent to file a sealed document in the future. To do so would ignore the Notes' unambiguous language.

The Majority relies on ***Toll v. Pioneer Sample Book Co.***, 94 A.2d 764 (Pa. 1953), but I believe that reliance is misplaced. ***Toll*** involved a contract for the sale of real estate under seal. The Tolls sued Pioneer on the contract, which was signed by Pioneer's agent in his own name under seal. ***Id.*** at 765. The Tolls argued the seal was mere surplusage and that Pennsylvania had abolished the difference between sealed and unsealed documents. ***Id.*** at 765-66. The ***Toll*** Court noted the rule that "[w]here a contract *made by an agent in his own name is under seal,* the general rule is that a principal is not bound, unless he is a party to the contract or named therein as one for whose benefit it was made." ***Id.*** at 765 (italics in original). Pioneer was not a party to the

contract, nor were they named as the entity for whose benefit the contract was made. The Supreme Court rejected the Tolls' argument that the seal was surplusage:

> To so hold would in many instances negate the acts and intentions of the parties; and would require us to change or overrule many established principles and decisions with respect to sealed instruments which parties have relied on for a century. What, for example, will happen to the familiar and so frequently used straw-man real estate transactions; what becomes of our rule which holds that a seal imports a consideration; and **what statute of limitations will apply to instruments under seal if a seal is, for all purposes, not only surplusage but also meaningless?**

*Id.* at 766 (emphasis added). The bolded portion, quoted by the Majority, does not support its holding. Majority Opinion at 12. Here, the Majority has elevated form over substance, requiring a stray mark at the signature line, and in so doing the Majority has turned the parties' clear statement of intent into surplusage.

In summary, the Majority's result is unsustainable under the principles of contact interpretation and in conflict with the rationale of *Loraw* and *Toll*. Based on all of the foregoing, I would conclude that the Notes are sealed instruments.

Next, I consider Appellees' argument that § 5529 does not apply because the Notes are governed by the Uniform Commercial Code ("UCC"),[4]

---

[4] Appellant does not dispute that the Notes are negotiable instruments subject to the UCC.

and because § 5529's twenty-year limit conflicts with the UCC's six-year statute of limitations, which would otherwise apply in this case. **See** 13 Pa.C.S.A. § 3118(a).[5] Section 5501(b) of the Judicial Code provides that "[t]he provisions of Title 13 (relating to commercial code), to the extent that they are inconsistent with this chapter, shall control over the provisions of this chapter." 42 Pa.C.S.A. § 5501(b).

I would reject Appellees' argument for the simple reason that § 3118(a) does not expressly address instruments under seal. Thus, there is no direct conflict between § 3118(a) of the UCC and § 5529 of the Judicial Code. **Cf. Osprey Portfolio, LLC v. Izett**, 32 A.3d 793, 798 (Pa. Super. 2011) (finding no conflict on the meaning of the word "instrument" as used in §§ 5525 and 5529 of the Judicial Code and as defined in § 3104 of the UCC), **affirmed**, 67 A.3d 749 (Pa. 2013). Appellees' position would forbid the parties to any instrument governed by § 3118(a) to avail themselves of § 5529(b)(1)'s twenty-year statute of limitations, despite the absence in § 3118 of any

---

[5] Section 3118(a) provides: "Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date. 13 Pa.C.S.A. § 3118(a).

The trial court judge who presided over one of these three consolidated matters found § 3118(a) applicable. The trial judge presiding over the other two matters did not address the issue because Appellant filed these actions more than six years after Appellees' default. Thus, it did matter whether the court applied a four- or six-year statute.

reference to sealed instruments.[6]  I would not infer any such limitation on contractual freedom absent an express pronouncement to that effect from the General Assembly or from our Supreme Court.

Finally, I note my disagreement with the Majority's holding that Appellees' filed timely petitions to strike.  Here, Appellees were required to file their petition to strike within thirty days of their receipt of written notice of execution of the judgments by confession.  Pa.R.C.P. No. 2959(a)(3).  Appellant served written notice of execution on June 29, 2016.  Appellees filed their motions to strike on September 23, 2016.  Rule 2959(a)(3) therefore requires denial of the petitions absent "compelling reasons for the delay." Pa.R.C.P. No. 2959(a)(3).  Appellees' asserted compelling reasons are that they attempted to remove these actions to federal court in Massachusetts. Their removal petition apparently consisted of a letter from Massachusetts counsel mailed to an incorrect address.  The trial court dockets do not reflect receipt of any removal petitions.  Given Appellees' failure to complete the relatively simple procedure of filing a removal petition, and their failure to follow up to ensure the trial court's receipt of the alleged removal petitions, I

---

[6]   Section 5529(b) is set to expire on June 27, 2018.   42 Pa.C.S.A. § 5529(b)(2).  Our General Assembly is considering proposed legislation that would delete § 5529(b)(2), thus eliminating the expiration date.   2017 Pennsylvania House Bill No. 1979, introduced on December 21, 2017.

would find no compelling reason for their failure to meet the thirty-day deadline.[7]

For all of the foregoing reasons, I would vacate the orders striking the confessed judgments and remand for further proceedings. I therefore respectfully dissent.

_____

[7] Given my conclusion that the twenty-year statute of limitations applies, I need not consider **M & P Mgmt., L.P. v. Williams**, 937 A.2d 398, 401 (Pa. 2007), wherein our Supreme Court held that a void judgment, such as a judgment entered without subject matter jurisdiction, cannot be made valid by the passage of time. The Majority concludes the instant confessions of judgment were void because they were entered after the expiration of the six-year limit in § 3118(a) (the Majority made no determination as to whether § 5525 or 3118 governed this case because the confessed judgments void under either). Majority Opinion at 16. I would observe that the statute of limitations is, in most cases, a waivable affirmative defense. **Griffin v. Central Sprinkler Corp.**, 823 A.2d 191, 195 (Pa. Super. 2003). It is not clear to me that the running of the statute, even where it occurs, renders a confessed judgment "void," and thus not subject to Rule 2959(a)(3), rather than merely "voidable." **See M & P**, 937 A.2d at 401-02.